### C. E. LEE v. JAMES RYAN ET AL.

#### No. 1291.

**Building Association Loan—Premium—Usury.**

Where a party executes to a building association his obligation for $2000, due in 76 months, with interest at 9 per cent, and receives thereon only $1800, the difference of $200 being bid as a premium on the loan, he is not entitled, upon default in the interest payments and settlement by suit, to a credit for the $200, the transaction not being usurious even with that sum treated as an advanced payment of interest.

APPEAL from Tarrant. Tried below before Hon. S. P. GREENE.

*Booth, Crain & Carroll,* for appellant.

*James Scott*, for appellees.—1. The court held that Lee is entitled to a credit of $200, premium retained out of the amount he bid, as so much advanced interest. This ruling is error, because a stockholder may anticipate the matured value of his stock and compete with others by bidding a premium. Endlich on Build. Assoc., secs. 13, 378, 391, 394.

2. Parties to a contract can agree on any interest, and upon such terms as they may please to do, so the interest charge will not exceed 12 per cent upon the actual amount obtained.

STEPHENS, ASSOCIATE JUSTICE.—August 30, 1890, appellant, in consideration of $1800 to him paid by the Workman's Building Association, executed his written obligation payable to said corporation or order, in the sum of $2000, on the first day of January, 1897, with interest thereon at the rate of 9 per cent per annum, payable monthly in advance. It contained also the usual attorney's fee clause for 10 per cent to be added in event of suit, and provided for the maturity of the obligation upon certain defaults in the prompt payment of interest, which thereafter so occurred as to mature it.

The company was enjoined from proceeding to foreclose a deed of trust given to secure this obligation. From a judgment dissolving this injunction, and fixing the liability of appellant at $2000, with 9 per cent interest and 10 per cent attorney's fees, less the amount of interest already paid and $200, this appeal is prosecuted.

Appellee building association has also assigned errors, contending that inasmuch as the court found that the transaction was not usurious, it should have been enforced as written. To this proposition we can find no answer. Upon the conclusions of fact found in the record, there being no statement of facts, we conclude, therefore, that the court erred in allowing the credit of $200 in addition to all the sums paid on the obligation after it was executed. That was to make a new contract for the parties. The fact that the $200 bid as a premium for the 76 months loan at 9 (or rather 10) per cent per annum, should be regarded in determining the question of usury, as a payment of interest, does not entitle appellant to have it deducted from the balance due according to the terms of the valid contract into which he had entered. The amount due upon that contract depended entirely upon its terms and the subsequent defaults and payments.

The judgment will be reversed and here rendered for appellee building association for the amount of the note executed by appellant, with interest and attorney's fees as herein specified, less payments actually made (not including the $200), and all costs, both of this court and the District Court.

*Reversed and rendered.*

Delivered June 26, 1895.