### L. B. MURRAY v. ISAAC C. EVANS.

#### Decided February 6, 1901.

**1.—Sheriff—Motion Against—Acceptance of Notice.**

Where a pleading in nature of a motion to recover against a sheriff the amount of a judgment which he has wrongfully failed to make on execution was filed in the court from which and entitled in the cause in which execution issued, his written acceptance of service in such cause was equivalent to a waiver of the notice of such motion required by article 2386, Revised Statutes.

**2.—Same—Judgment by Default.**

The statute requiring five days notice of the motion against a sheriff was met and judgment by default warranted where his waiver of notice was signed by him twelve days, though filed in the case only three days, before the judgment.

**3.—Same—Necessary Allegations—Construction.**

The proceeding by motion against a sheriff under article 2386, Revised Statutes, differs from an ordinary action only in some matters of form, is not penal in its nature, nor so summary as to require the allegations of the motion to be strictly construed. See opinion for motion held, under this rule, good on general demurrer and sufficient to admit evidence.

**4.—Motion Against Sheriff—Parties—Sureties.**

The sureties on the sheriff's official bond are not necessary parties to a motion for judgment against him for failing to levy an execution.

Error from the County Court of Tom Green. Tried below before Hon. Milton Mays.

*J. W. Hill,* for plaintiff in error.

No briefs for defendant in error were on file.

KEY, ASSOCIATE JUSTICE.—The basis of this action is the following pleading:

"Isaac C. Evans v. J. D. O'Daniel et al. No. 240.—In County Court, Tom Green County, Texas.

"Now comes the plaintiff in the above styled and numbered cause and represents to the court as follows:

"That the plaintiff herein, on the 8th day of October, 1890, recovered a judgment against the defendants herein, J. D. O'Daniel and William Thaison, for the sum of $352.67, with interest thereon from said 8th day of October, 1890, at the rate of 8 per cent per annum, together with all costs of suit.

"That on the 23d day of May, 1891, an execution issued thereon to Tom Green County, Texas, which execution was returned indorsed as follows: 'Came to hand the 27th day of May, 1891, not executed, no property of J. D. O'Daniel or William Thaison in this county subject to execution. J. W. Johnson, Sheriff Tom Green County, Texas.'

"That on the 22d day of July, 1899, an alias execution issued on said judgment to Coke County, Texas, and was on the 24th day of July, 1899, placed in the hands of L. B. Murray, sheriff of said Coke County; that said Murray failed and refused to execute said alias execution and returned same on the 7th day of August, 1899, not executed; that since the rendition of the judgment hereinbefore mentioned the defendant William Thaison died, and left no property in this State subject to execution sufficient to satisfy said judgment; that at the time said alias execution was delivered to said Murray, sheriff as aforesaid, said defendant O'Daniel had real and personal property in his possession in said Coke County, subject to execution sufficient to satisfy said alias execution, and that said judgment was at that time and ever since the rendition thereof in full force and effect, and that said Murray could have made the amount of money in said alias execution specified had he made the levy therein required and commanded.

"Wherefore, premises considered, plaintiff prays that he have judgment against said L. B. Murray, sheriff of Coke County, Texas, for the amount of his said judgment against said J. D. O'Daniel and Wm. Thaison, less the sum of $217.70, paid and credited on said judgment November 8, 1893, for interest thereon from date of rendition thereof, at the rate of 8 per cent per annum, for costs of suit, and for such other relief, general and special, to which he may show himself entitled.

"ALLEN & BRIANT, Attorneys for Plaintiff."

This petition or motion was filed September 20, 1899. No citation or notice to the defendant Murray was issued, but the record contains the following acceptance of service:

"Isaac C. Evans v. J. D. O'Daniel et al. No. 240.—September 21, 1899. In County Court, Tom Green County, Texas, October Term, 1899.

"I hereby waive the issuance of a citation and accept service in the above styled and numbered cause. Witness my hand, this 22d day of September, 1899.

"L. B. MURRAY, Sheriff of Coke County, Texas."

This paper was filed October 3, 1899.

October 6, 1899, a judgment was rendered against the defendant Murray for the amount due on the judgment against O'Daniel and Thaison, with interest thereon at 8 per cent from the date of the judgment under consideration. This judgment recites that the defendant Murray made default, but also states that the court heard evidence before rendering judgment.

There is no statement of facts in the record. The defendant Murray has brought the case to this court by writ of error, and assigns numerous errors, for which a reversal is sought. Without referring to the assignments in detail, the opinion will consider and determine the principal questions presented, and those not referred to in the opinion are nevertheless decided against the plaintiff in error.

Treating this proceeding as it was treated in the court below and evidently intended by the plaintiffs in that court, as a motion against the defendant on account of his failure to execute a writ of execution, as authorized by article 2386 of the Revised Statutes, we are of opinion that the waiver and acceptance of service filed by the defendant dispensed with the issuance and service of notice of the motion, as required by that article. Conceding, as contended by counsel, that a distinction exists between a citation and the notice required by article 2386, and that the waiver of citation alone would not operate as a waiver of notice, still we think the defendant waived the statutory notice, because the instrument signed and filed by him in express terms accepts service "in the above styled and numbered cause." The pleading heretofore set out was then on file in that cause and it was the only pleading therein that asserted any right of action against the defendant Murray; and therefore the acceptance of service must be held to apply to the cause of action asserted by the pleading referred to.

The statute requires five days' notice of such a proceeding. The acceptance of service was filed only three days before judgment by default was rendered; and for this reason, it is contended that the record fails to show five days previous notice to the defendant. We think the time should be reckoned from the date of the acceptance, and so reckoning it, about twelve days elapsed before the judgment was rendered.

Several authorities have been cited in which it has been held in somewhat similar cases in this State, that such proceedings, being summary and penal in nature, should be strictly construed; and upon the doctrine referred to, it is contended that the motion against the defendant is insufficient to support the judgment. It is pointed out that the motion does not set out the return endorsed by the defendant upon the execution; that it does not in terms allege that he failed or refused to levy upon or sell any property justly liable to execution, when the same might have been done, and does not allege that he had knowledge of the existence of any such property.

If in fact, this were a proceeding to recover a penalty arbitrarily fixed by statute, without reference to the right and wrong of the transaction,

we might sustain some of these contentions. Most, if not all, of the cases cited in which the proceedings were held to be penal in nature and the rule of strict construction applied, were instituted under statutes which authorized the recovery of 10 per cent, or some other per cent imposed as a penalty, or held the officer liable for a failure to return an execution, regardless of whether or not he had or could have collected the debt from the execution debtor. In all such cases the rule referred to has application. But article 2386, under which this proceeding was instituted, renders the officer liable only when it is made to appear that he failed or refused to levy upon or sell property justly liable to execution, when the same might have been done, and his liability does not extend beyond the amount of the debt, interest and costs; and if the property which could have been levied upon was of less value than the debt, the value of the property would be the measure of liability.

In the case at bar the plaintiffs alleged that an alias execution had been issued on their judgment to Coke County, and placed in the hands of the defendant, the sheriff of said county. The pleading avers that he retained the execution about twelve days; that one of the execution debtors, at the time the defendant received the execution, had real and personal property in his possession in Coke County subject to execution, sufficient to satisfy the writ, and that defendant could have made the amount of money specified in the writ had he made the levy therein required and commanded, and that he failed and refused to execute said alias execution and returned the same not executed.

The specific relief prayed for was a judgment against the defendant for the balance due on the plaintiff's judgment against O'Daniel and Thaison, 8 per cent interest thereon, as stipulated in said judgment, and costs of suit, and it is not contended that any other relief was granted. Though the proceeding was by motion in the original suit, and under the statute referred to the cause of action set up and the relief sought were such as might have been set up and invoked in a common law action against the defendant for failure to execute the process. In one sense only the proceeding is summary—it authorizes a judgment plaintiff to proceed immediately against the defaulting officer in the court where the original judgment was rendered; but it is not summary in any other respect, and is not in any proper sense a proceeding to recover a penalty. No more can be recovered in a proceeding under the statute in question than could be recovered in a common law action. Therefore, the proceeding is not in the nature of a criminal or penal action. When the statute is analyzed, it will be seen that it merely authorizes a suit to be brought against the officer in a different form and earlier than perhaps it otherwise could be brought; and, in some instances, fixes the venue different from what it otherwise would be.

These are the only substantial differences between a proceeding under article 2386 and a common law action; and as these relate only to the form of action and the time and place of bringing the suit, they do not make a proceeding under the statute penal in its nature, nor call for

the application, in determining questions of pleading, of rules other than those that apply to ordinary litigation. In effect, this was so decided in the case of Smothers v. Field, 65 Texas, 436.

We think the pleading under consideration was good against a general demurrer, and sufficient to admit all the proof necessary to establish the liability of the defendant under article 2386.

There is no merit in the contention that the sureties on the defendant's official bond were necessary parties, and that the action can not be maintained against the defendant alone. It is true that the statute makes the sureties, as well as the defaulting officer, liable, but this is done for the benefit of the plaintiff, and he is not compelled to proceed against the sureties as well as the officer. In Poer v. Brown, 24 Texas, 34, which was a motion against the sheriff and his sureties to recover a statutory penalty, it was held that the statute authorizing suits against sureties alone, or a discontinuance as to the principal when the latter is insolvent or beyond the jurisdiction of the court, had application to the proceeding then before the court. If the right to proceed, under any circumstances, against the sureties alone can be held to exist under a statute declaring both liable, then it must be true that the party complaining can proceed against the principal alone.

We find no error in the record, and the judgment is affirmed.

*Affirmed.*