JAMES M. MARLIN v. ANNIE KOSMOROSKI ET AL.

Decided February 13, 1901.

**1.—Agency—Execution of Conveyance.**

A bond for title signed without indicating that it was done as agent, but stating in the body of the instrument that the maker acted for himself and as agent for another, shows such execution by the other through an agent as to constitute a good conveyance if ratified by the principal.

**2.—Immaterial Error.**

Where the execution of a conveyance by agent has been found, on sufficient evidence, to have been ratified by the principal, errors in the charge or in the rulings on evidence upon the issue of the agent's original authority are not ground for reversal.

**3.—Same.**

Errors in the admission of evidence become immaterial where, upon another issue, the judgment was properly rendered in favor of the right sought to be supported by such evidence.

Appeal from Falls. Tried below before H. C. Lindsey, Esq., Special Judge.

*Z. I. Harlan* and *Rice & Bartlett,* for appellants.

*J. A. Martin* and *J. W. Spivey,* for appellees.

KEY, Associate Justice.—This is an action of trespass to try title to 150 acres of land, and for partition thereof. It has been in this court before, and will be found reported in 27 Southwestern Reporter, 1042. The plaintiffs are James M. Marlin and Sallie Ann Blackwell, the latter being joined pro forma by her husband, Chas. C. Blackwell. The original defendant was John Kosmoroski, who died while the suit was pending, and his wife and children were made defendants. Upon trial a judgment was rendered awarding to the plaintiffs 18-80 of the land and to the defendants the remainder, and the plaintiff Marlin has appealed.

Certain facts were embodied in a written agreement signed by the parties and incorporated in the decree, and other facts were shown by undisputed testimony, as recited in the court's charge. The material issues upon which there was conflict in the testimony were submitted by the court to the jury in the form of special issues, and the jury made findings thereon. All of these findings were supported by testimony and are adopted by this court, together with the other facts agreed to and established by undisputed testimony, as recited in the court's charge as the basis of the judgment here rendered.

Briefly, the history of the case is this: In 1861 the land in controversy was the community property of William Bowen and his wife, Susan Ann Bowen. During that year William Bowen died, leaving five children, viz., Milton P. Bowen, William P. Bowen, Elliott Bowen, Daniel C. Bowen, and Sarah Ann Bowen. Daniel C. Bowen died in 1879, unmarried and without children. When William Bowen died, each of his five children inherited one-fifth of his half interest or 1-10 of the entire tract; and when Daniel C. Bowen died, each of the other four children inherited one-fourth of one-half of his interest, which, added to that inherited from their father, made each of the four surviving children's interest 9-80 of the whole tract. Milton P. Bowen is now dead, and left surviving him his wife, the plaintiff Sallie Ann Blackwell, and two children, Robert Lee Bowen and William D. Bowen. The latter have conveyed their interests in the land to the plaintiff Marlin. The daughter Susan Ann Bowen married J. R. Ellis, and they have also conveyed their interest to Marlin. These two interests, Milton P. Bowen's and Susan Ann Ellis's, comprise the 18-80 awarded to the plaintiff.

Marlin also introduced in evidence deeds from the surviving wife, Susan Ann Bowen, and from William P. Bowen; and the controversy was narrowed down to these interests and the question of improvements in good faith. Prior to the time that Marlin bought from Mrs. Bowen and William P. Bowen, Elliott Bowen executed to John Kosmoroski a bond for title to the land, stating in the body thereof that he was acting for himself, and as agent for his mother, Mrs. S. A. Bowen and brother W. P. Bowen, and as guardian of William D. Bowen and Robert Lee Bowen. It was executed and filed for record in the proper county, October 30, 1882. This instrument he signed as E. Bowen, without adding after his signature anything to indicate that he was acting as either

agent or guardian. In the certificate of acknowledgment added thereto by the clerk of the County Court of Falls County, it is stated that he acknowledged that he executed the instrument for the purposes and consideration therein expressed.

The trial court held that this instrument could not affect the interests of William D. Bowen and Robert Lee Bowen, they being minors at that time and Elliott Bowen not then being their guardian, and awarded their interests in the land as the heirs of Milton Bowen, to the plaintiff Marlin. Whether or not Mrs. S. A. Bowen and William P. Bowen had authorized Elliott Bowen to sell their interests in the land, and whether or not, if they had not so authorized him, they thereafter ratified his act in so doing, were issues submitted to the jury, and they made specific findings that each had authorized Elliott Bowen to sell the land and had ratified his act in so doing.

With these facts established, the court very properly held that the defendants, as the heirs of John Kosmoroski, had the superior title to the interests of Mrs. Bowen and W. P. Bowen; and it is not disputed that they had title to Elliott Bowen's interest, and all these together make 62-80 of the tract of land.

Many, if not all, of the questions presented in appellant's brief are rendered immaterial by the finding of the jury that Mrs. Bowen and William P. Bowen ratified the execution by Elliott Bowen of the bond for title referred to. With these two facts established, it is wholly immaterial if error was committed in giving or refusing instructions on the subject of Elliott Bowen's authority to sell the land; and the same may be said in reference to rulings made concerning the admissibility of testimony on that issue. If the jury had found that neither of them authorized the sale of the land, the finding that they thereafter ratified and approved the same, would be binding on them or anyone claiming under them by a right subsequently acquired.

Also, if error was committed in admitting in evidence copies of probate records concerning the guardianship of William D. and Robert Lee Bowen, such ruling is now immaterial, because the interests owned by them were awarded to Marlin. We think the recitals in the bond for title, taken in connection with the certificate of acknowledgment, were sufficient to show that Elliott Bowen was acting for his mother and brother, as well as himself, in selling the land; and the jury having found that the mother and brother ratified his act, appellant can not be heard to complain.

We find no error in the record, and the judgment is affirmed.

*Affirmed.*