PETER NOWOTNY v. ADOLPH GRONA.

Decided November 28, 1906.

**Malicious Suit—Motion Against Sheriff.**

The rule applicable to ordinary civil suits and which denies any cause of action for damages for prosecuting them without ground and maliciously governs also the case of a motion against a sheriff to subject him to liability for the amount of a judgment by reason of his failure or refusal to levy on or sell property subject to execution thereon (Rev. Stats., art. 2386). Such motion does not come within the class of extraordinary proceedings for which damages may be recovered if wrongfully or maliciously prosecuted.

Appeal from the District Court of Comal County. Tried below before Hon. L. W. Moore.

*F. J. Maier,* for appellant.—A summary proceeding against the sheriff and his bondsmen is not such a civil suit that the person against whom it is brought has no redress if the same is maliciously and wantonly brought, without probable cause. Rev. Stats., art. 2386; Pope v. Pollock, 46 Ohio St., 367.

*Webb & Goeth,* for appellee.—The bringing of an unjust or unfounded suit against another, although done maliciously, is not actionable. Smith v. Adams, 27 Texas, 30; Johnson v. King, 64 Texas, 229; Salado College v. Davis, 47 Texas, 135; Runge v. Franklin, 72 Texas, 590; McCord v. Levi, 21 Texas Civ. App., 110; McGregor v. Cook, 4 Texas App. Civ.,

203; Tunstall v. Clifton, 49 S. W. Rep., 244; Biering v. First Nat. Bank, 69 Texas, 601.

The motion under article 2386 of the statute is not a summary proceeding except in a limited sense, but is in the nature of a common law civil action, and such proceeding is not penal in its nature. Murray v. Evans, 1 Texas Ct. Rep., 559.

EIDSON, ASSOCIATE JUSTICE.—This is a suit brought by the appellant in the court below against appellee for damages for the alleged malicious prosecution of a motion against appellant who was the sheriff of Comal County, and the sureties on his official bond, for the failure of appellant to levy an execution, in which appellee was the plaintiff, on certain property situated in Comal County.

The court below sustained a general demurrer to appellant's petition, and appellant has appealed to this court assigning error on such action of the court below. The motion was made under article 2386, Sayles' Civ. Stat., which is as follows: "Should an officer fail or refuse to levy upon or sell any property justly liable to execution, when the same might have been done, he and his sureties shall be liable to the party entitled to receive the money collected on such execution for the full amount of the debt, interest and costs, to be recovered on motion before the court from which said execution issued, five days previous notice thereof being given to said officer and his sureties." Said motion was made in the County Court of Bexar County. Appellant duly appeared and made answer to said motion, and judgment was rendered in his favor and against appellee for the costs of the proceedings. This suit was based upon the alleged grounds that the motion was filed and prosecuted without any foundation therefor and maliciously. It is conceded by appellant that if the motion provided for by the statute quoted above is to be considered as an ordinary civil suit under the Texas decisions, the action of the court below complained of is correct; but he contends that said motion is an extraordinary proceeding, and therefore, different from the ordinary civil suit.

We do not think this contention is sound, as the proceeding by motion authorized by the statute does not interfere in any manner with the property or person of the defendant in the motion. The simple fact that the statute requires only five days' notice of such motion, instead of ten days, the time required for citation to be served on the defendant in ordinary civil suits, does not make the proceeding by motion extraordinary. This provision as to notice is the only substantial feature in the proceeding by motion different from the proceedings in ordinary civil suits. The pleadings of the parties are practically the same. (Smothers v. Field, 65 Texas, 435; Murray v. Evans, 60 S. W. Rep., 788.)

In our opinion appellant has not shown any sufficient reasons for holding that the statutory proceeding by motion against a sheriff for failure to levy an execution is such an extraordinary proceeding that would authorize a suit for damages where same was made and prosecuted without foundation and maliciously. In our opinion the rule that applies to ordinary civil suits applies to the character of proceeding under consideration. As said in the case of Smith v. Adams, 27 Texas, 30: "Everyone is liable to be harrassed and injured in his property and

feelings by unfounded suits, but this is not an injury for which he can have legal redress. The merely bringing of an unjust or unfounded suit against one is not actionable." And this doctrine is fully sustained by the following authorities: Johnson v. King, 64 Texas, 229; Salado College v. Davis, 47 Texas, 135; Runge v. Franklin, 72 Texas, 590; McCord v. Levi, 21 Texas Civ. App., 110; McGregor v. Cook, 4 Texas App. Civ., 203; Tunstall v. Clifton, 49 S. W. Rep., 244; Biering v. First Nat. Bank, 69 Texas, 601.

The judgment of the court below is affirmed.

*Affirmed.*

Writ of error refused.