## J. CALISHER DRY GOODS CO. et al. v. BLOCH.

(Court of Civil Appeals of Texas. El Paso. May 9, 1912. Rehearing Denied May 29, 1912.)

1. Costs (§ 260*)—Appeal for Delay—Damages.

Where an appellant presented no errors for review and the record showed that the judgment was properly rendered against him, 10 per cent. damages for delay will be given upon affirmance on appeal.

[Ed. Note.—For other cases, see Costs, Cent. Dig. §§ 983–996, 1002, 1003; Dec. Dig. § 260.*]

2. Malicious Prosecution (§ 11*) — Civil Action.

No damages can be recovered for filing a civil suit and prosecuting it against another upon a fanciful claim, where there is no interference with personal property.

[Ed. Note.—For other cases, see Malicious Prosecution, Cent. Dig. § 16; Dec. Dig. § 11.*]

3. Malicious Prosecution (§ 35*)—Civil Actions—Probable Cause.

The fact that a general demurrer was sustained to plaintiff's petition is insufficient to show that his action was begun maliciously and without probable cause, so as to entitle the defendant to damages.

[Ed. Note.—For other cases, see Malicious Prosecution, Cent. Dig. §§ 71–77; Dec. Dig. § 35.*]

Appeal from District Court, El Paso County; A. M. Walthall, Judge.

Action by D. E. Bloch against the J. Calisher Dry Goods Company and J. Calisher individually. From the judgment which was for plaintiff and denied defendant's counterclaims, both defendants appeal. Affirmed as to the individual defendant, and reversed and remanded as to the corporation.

Burges & Burges, of El Paso, for appellants. Leigh Clark and Ralf Border, both of El Paso, for appellee.

HIGGINS, J. Appellee filed suit against J. Calisher individually and J. Calisher Dry Goods Company, a corporation, alleging that appellants were indebted to the appellee for the purchase price of certain shares of the capital stock of said corporation which they had contracted to purchase from him and which had been received by them. It was further alleged that said appellants had falsely and maliciously made statements concerning the financial status of appellee to the R. G. Dun & Co. Mercantile Agency and to a certain bank for the purpose of injuring appellee's credit, by which he had been damaged in the sum of $10,000 actual damages and the further sum of $15,000 exemplary damages, for which he also sued.

Appellants answered by general and special exceptions, general denial, and the J. Calisher Dry Goods Company by way of cross-action further pleaded that plaintiff was its bookkeeper and secretary, and that it was his duty to keep and audit the books and accounts of the company; that one Sorrell,

an employé, had embezzled a large amount of money belonging to the company by means of false and fraudulent refund checks, the embezzlement of said funds extending over a long period of time, and that, by reason of the negligence of the appellee in performing his duties as bookkeeper and secretary of the company, the peculations of said Sorrell had not been discovered for a long time, whereby the company had been damaged in the sum of $2,000, for which it prayed judgment. Said company by way of cross-action further alleged 'that the suit had been instituted against it by appellee maliciously and without probable cause, whereby it had been damaged in the further sum of $15,000, for which it prayed judgment. In this cross-action for malicious prosecution, it is not alleged that there was any interference with the property of the corporation. Defendants' general exception to that portion of the plaintiff's petition seeking recovery of damages for injury to his credit by reason of false and malicious statements made concerning the same was by the court sustained.

[1] Upon trial before a jury a peremptory instruction was given in favor of plaintiff against J. Calisher. for the sum of $1,887.95 due on purchase price of the capital stock of said company purchased by Calisher, and they were further instructed to find against the defendant company on its cross-action against plaintiff, in accordance with which instruction a verdict was returned and judgment thereon rendered. Calisher and the company have both appealed from this judgment, but appellant Calisher has called this court's attention to no errors, and all of the errors assigned relate to the correctness of the judgment herein rendered against the Calisher Dry Goods Company upon its cross-action. We have also examined the record, and find that the judgment against Calisher was properly rendered. Therefore, as to the appellant J. Calisher, the judgment of the lower court will be affirmed, with 10 per cent. damages for delay.

[2] There was no error upon part of the court in peremptorily instructing a verdict against the Calisher Dry Goods Company upon its cross-action for alleged malicious prosecution of this suit by the appellee. Whatever may be the rule in other jurisdictions, and regardless of on which side the weight of authority rests, it is well established in this state that no damages can be recovered for filing a civil suit and prosecuting it against another upon a claim, real or fanciful, where there is no interference with person or property. The rule in this state is well stated and the numerous authorities upon the question are cited and discussed in King v. Sullivan, 92 S. W. 51. Also see Towery v. McDougle, 125 S. W. 621; Mutual Life Ins. Co. v. Hargus, 99 S. W. 580; Nowatny v. Grona, 98 S. W. 416. The cases cited by appellant we do not regard as being in point, and it will serve no useful purpose to discuss them.

[3] Aside from the general rule which seems to be well established in Texas as above indicated, the facts here are wholly insufficient to support any claim that the suit was maliciously instituted without probable cause. The court having sustained the general demurrer to appellee's suit for damages for injury to credit, the facts and circumstances under which appellee acted in asserting that claim were therefore not developed by the evidence, and, if malice and a want of probable cause upon part of appellee in fact existed, it could be inferred only from the fact that a general demurrer had been sustained to this portion of his petition. That malice and want of probable cause in the filing of a suit could not be inferred from the mere fact that a general demurrer is sustained to the petition is too clear for argument.

For the reasons indicated, we are of the opinion that the court properly instructed a verdict against the Calisher Dry Goods Company upon its cross-action for damages for alleged malicious prosecution of this suit, and also properly refused to permit said company to prove the attorneys' fees incurred by it in defending this suit as a part of its alleged damage.

We are of the opinion, however, that the court erred in peremptorily instructing a verdict against the Calisher Dry Goods Company upon its cross-action for damages based upon the alleged negligent performance by appellee of his duties as bookkeeper and secretary of the company, whereby the peculations of Sorrell had remained undiscovered for a long period of time, resulting in damage to the company. The testimony upon this issue tending to hold appellee liable for his alleged negligence is by no means satisfactory or clear, but we do not think under the state of the evidence that the court was warranted in withdrawing this issue from the jury, and that the same should have been submitted to it for its determination, under appropriate instructions.

For the reasons indicated, the judgment is in all things affirmed as to J. Calisher with 10 per cent. of the amount thereof added as damages; and, as to the J. Calisher Dry Goods Company, the judgment is reversed and remanded for further proceedings in accordance with this opinion. One-half of the costs of this appeal are taxed against J. Calisher; the other one-half against the appellee.