BUCKHOLTS STATE BANK v. THALLMAN et al. (No. 5782.)

(Court of Civil Appeals of Texas. Austin. May 16, 1917. Rehearing Denied June 27, 1917.)

1. PLEADING ⊂=93(1)—INCONSISTENT PLEAS.
In Texas plaintiff is permitted, in different counts in his petition, to present inconsistent pleas, asserting his right in one plea to recover on the facts therein stated, and to claim in another plea that, if the facts are not as previously alleged, but as stated in such other plea, he is entitled to relief against another defendant.
[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 189, 190.]

2. SHERIFFS AND CONSTABLES ⊂=168(1)—LIABILITY—PLEADING—STATUTES.
Rev. St. 1911, art. 3776, provides that, should an officer fail or refuse to levy execution when he might have done so, he and his sureties shall be liable to the party entitled to receive the money collected on such execution for the full amount of the debt, etc., to be recovered on motion before the court from which the execution issued. Article 3777 provides that, should an officer neglect or refuse to return any execution, or make a false return, he and his sureties shall be liable for the full amount of the debt, etc., to be recovered as provided in article 3776. Plaintiff's petition alleged facts entitling him to the relief afforded by article 3777 as against a sheriff and the sureties on his official bond, but the pleading was not denominated a motion, and also sought to recover against a person other than the sheriff and his sureties on the theory that he had conspired with and induced the sheriff to commit the wrongful acts charged. Held, that plaintiff was entitled to the relief afforded by the statute, since, if a plea states a cause of action or a defense, the fact that it may be given a wrong name by the pleader does not nullify its effect.
[Ed. Note.—For other cases, see Sheriffs and Constables, Cent. Dig. §§ 398, 399.]

3. SHERIFFS AND CONSTABLES ⊂=168(1) — FAILURE TO SELL PROPERTY—PLEADING.
Plaintiff's petition, which alleged that defendant sheriff, at the instigation of another defendant, delivered to the latter property sold to plaintiff on execution, failed and refused to sell property, and that the latter, through his conspiracy with the sheriff, obtained the property, and appropriated it to his own use, stated a cause of action against the sheriff and the other defendant for a conversion.
[Ed. Note.—For other cases, see Sheriffs and Constables, Cent. Dig. §§ 398, 399.]

4. VENUE ⊂=45—TRANSFER TO OTHER COUNTY—ACTION FOR CONVERSION.
The fact that a petition for conversion does not show that defendants, other than a sheriff and one other, participated in or are liable for the conversion, affords no reason for transferring the case to the county in which defendants reside, even if it would justify sustaining an exception for misjoinder of causes of action.
[Ed. Note.—For other cases, see Venue, Cent. Dig. §§ 67, 74.]

5. ACTION ⊂=45(1)—MISJOINDER OF CAUSES OF ACTION.
The doctrine of misjoinder of causes of action rests on the consideration that in most instances such procedure would consume too much time, confuse the jury, and hinder, instead of promote, the proper administration of the law.
[Ed. Note.—For other cases, see Action, Cent. Dig. §§ 378–383, 385–402.]

6. ACTION ⊂=45(1)—MISJOINDER OF CAUSES OF ACTION.
When plaintiff's petition indicates on its face that his joinder of causes of action is not calculated to consume too much time and confuse the jury, the alternative cause of action being sustainable by the same testimony as will sustain the other, and when the case may be submitted to the jury on special issues, the rule against misjoinder of causes of action should not be enforced.
[Ed. Note.—For other cases, see Action, Cent. Dig. §§ 378–383, 385–402.]

7. VENUE ⊂=80 — JURISDICTION OF COURT AFTER CHANGE—CANCELLATION OF CREDIT—RETAXING.
In an action against a sheriff, the sureties on his bond, and a third person for failure to deliver property sold on execution, conspiracy,

conversion, etc., the court of another county than that of the county in which execution was issued, the case having been transferred to it, had no power to cancel a credit on plaintiff's judgment, or to retax costs taxed against plaintiff in the sheriff's favor.

[Ed. Note.—For other cases, see Venue, Cent. Dig. §§ 141, 142.]

8. VENUE ⬀72 — MISJOINDER OF ACTIONS — PLEA OF PRIVILEGE.

When defendants raised the question of misjoinder of causes of action in connection with their plea of privilege to be sued in another county, if the trial court was of opinion there was misjoinder, it should have required plaintiff to elect which cause of action it would stand on, and determined the question of venue after the election had been made; if plaintiff had declined to elect, it would have been proper to have sustained the demurrer presenting the question of misjoinder, and to have dismissed the suit.

[Ed. Note.—For other cases, see Venue, Cent. Dig. § 127.]

Appeal from District Court, Milam County; J. C. Scott, Judge.

Action by the Buckholts State Bank against O. Thallman and others. From a judgment for defendants, plaintiff appeals. Reversed, and cause remanded for further proceedings.

Morrison & Lewis, of Cameron, for appellant. Geo. Powell, of San Antonio, for appellee O. Thallman. W. S. Ethridge and H. C. Duffy, both of Bandera, and Henderson, Kidd & Gillis, of Cameron, for other appellees.

KEY, C. J. The following statement of the nature and result of this suit is copied from appellant's brief:

"This action was begun by the appellant, as plaintiff, by a petition filed in the district court of Milam county on the 13th day of September, 1915, in which said petition the plaintiff brought this action against R. S. Smith, as the sheriff of Bandera county, against the defendants Haby, Short, Davenport, Lewis, and Cox, as the sureties on the sheriff's official bond, and also against O. Thallman, who was made a defendant on charges that he had conspired and confederated with the sheriff in inducing and procuring the sheriff to make a false return on an execution which had been placed in the hands of the sheriff for service, and which the sheriff had failed in many particulars in performing his duty as required by law under that process, all of the above-named defendants residing in Bandera county, Tex., and the action was also brought against I. B. Williams and A. J. Slone, the said Slone being a resident of Milam county, Tex., and Williams, a resident of Bandera county, Tex.

"It was alleged that in the district court of Milam county, Tex., on the 26th day of May, 1914, the appellant had recovered a judgment in cause No. 6872 against the said defendants Williams and Slone for the sum of $2,974.11, with 10 per cent. interest from that date, and which amount was secured by a mortgage lien on certain personal property, and that the property was found to be situated in Bandera county, and that after the sale of said property the judgment was credited with $188.39, and that on the 15th day of May, 1915, there was due on the judgment $2,785.72, and on that date the appellant caused an execution to be issued out of said Milam county judgment, and placed in the hands of the defendant Smith, the sheriff

of Bandera county, for execution, and that the plaintiff had duly indemnified the said sheriff, and the sheriff had accepted such bond of indemnity, and that the said sheriff levied the execution on about 80 head of horses and mules, and that Smith, as such sheriff, sold a part of said property levied on for the sum of $2,100, and that it was bought in by the appellant, and that the said sheriff had unlawfully conspired with Thallman and delivered all of the property levied on, as well as that bought by the appellant, into the possession of said Thallman, and that the sheriff returned the execution to the district court of Milam county, with an indorsement on the same that he had sold the property levied on to the appellant for the sum of $2,100, and had returned the order of sale with such indorsement to the district clerk of Milam county, and that the same had been recorded showing a credit on said judgment in such sum above stated. Plaintiff made the further averments:

" 'Plaintiff further avers that the said defendant sheriff made a return upon said execution showing that the property hereinbefore mentioned was sold to the plaintiff for the sum of $2,-100, and entered the same as a credit on plaintiff's said judgment, and that said return has been recorded in the execution records of this court, thereby showing that the said defendants I. B. Williams and A. J. Slone, the said defendants in execution, and against whom said beforementioned judgment was rendered, are entitled to a credit of $2,100 on said judgment, and that the plaintiff, after the rendition of said judgment and before the issuance of said beforementioned execution, had caused and procured said judgment to be duly filed and recorded and abstracted in the judgment abstract record of Milam county, Tex., and the same then and there became and constituted a lien upon all of the real estate then owned by the said defendants I. B. Williams and A. J. Slone situated in Milam county, Tex., and that plaintiff is entitled to have said judgment recorded in the abstract of judgment records in any other county in the state of Texas so long as said judgment remains unpaid and unsatisfied, and that the entering of said return and credit on said execution and judgment by said defendant sheriff showing that said judgment was entitled to a credit of $2,100 has had the effect to release so much of said judgment, when in truth and in fact the said sheriff had sold said property to the plaintiff, but in fact had unlawfully delivered the same to the said defendant O. Thallman, and. when said sheriff so entered said credit on said judgment he then and there well knew that he had pretended to sell said property and had delivered the same to the said defendant Thallman, and that the plaintiff had not received anything of value for said credit so entered by him on said judgment, and thereby plaintiff has been defeated of the recovery of said property and of the fruits of its said execution, and said sheriff then and thereby caused a release of the plaintiff's lien upon any land or real estate that might be held or owned by the said defendants in execution, I. B. Williams and A. J. Slone, and real property of said A. J. Slone has been so released, and the same was situated in Milam county, Tex., and was subject to plaintiff's said judgment lien, and since the entry of said credit on said judgment by said sheriff said Slone has sold and conveyed said property, and the same was then and there of the value of $500, and the plaintiff is informed and charges that it has so lost its said lien on said real estate, and all of which was well known to. the said sheriff at the time he made such return upon said execution, and that the plaintiff cannot now cause and procure the issuance of other and additional executions upon said judgment for the payment of said $2,100 so long as such amount shall be entered as a

credit by said sheriff's return on said before-mentioned execution, and shall be allowed to stand, and then and thereby the said defendant sheriff and his sureties and said O. Thallman became bound and liable and are now bound and liable to pay the plaintiff its damages so occasioned by their wrongful acts, as hereinbefore shown. * * *

"'Plaintiff further avers that, independent and beyond all of the other wrongs and injuries hereinbefore complained of, and that in addition thereto, plaintiff shows to the court that at the time the said sheriff made said levy under said execution, as aforesaid, he levied upon five two year old mules of the value of $100 each and two brown mare mules of the value of $150 each and one dun horse of the value of $100, aggregating in value the sum of $900, and that without reason, excuse, explanation, or justification the said sheriff unlawfully failed and refused to sell any of the property described in this paragraph of this petition, and that his refusal to sell the same or to deliver it to the plaintiff after it had been levied upon, and after said sheriff had duly advertised the same for sale, constituted a wrong and injury to the plaintiff, and it caused and occasioned the plaintiff to thereby lose the value of said eight head of horses and mules, which were then and there of the aggregate value of $900, as hereinbefore shown. And in this connection the plaintiff avers and charges that the said O. Thallman conspired and confederated with said sheriff and attempted to induce and did induce the said sheriff to so fail and refuse to sell said eight head of horses and mules under and by virtue of the plaintiff's said execution and the sheriff's said levy, and that said Thallman either obtained the said horses and mules or part of the same and appropriated them to his own use and benefit, or confederated and conspired with said sheriff to refuse to sell and deliver them to the plaintiff, and that then and thereby the said sheriff and his said sureties and the said defendant Thallman each and all became and are now liable and bound to pay to plaintiff the value of said eight head of horses and mules, and in this connection the plaintiff further avers that the said defendants Williams and Slone, so far as plaintiff is informed and believes, are now each utterly and notoriously insolvent, and do not own any property at this time out of which plaintiff can make its said judgment or any part thereof, and in this connection it prays judgment against the said sheriff and his said sureties, especially for the value of the said eight head of horses and mules which the said sheriff so failed and refused to sell.'

"'Wherefore plaintiff prays that each of the defendants be cited as the law directs to answer this petition, and that upon a final trial:

"'(1) That it have judgment against said sheriff and his said sureties and said Thallman for the conversion of said property and for the value of the same.

"'Or in the alternative,

"'(2) That it have judgment against said sheriff and his said sureties and said Thallman for the amount of plaintiff's debt because of the incomplete and untrue return so made and indorsed on said execution.

"'Or in the alternative,

"'(3) That it have judgment against said sheriff and said Thallman for the title and possession of all of said property so delivered to said Thallman and for the establishment and foreclosure of its execution lien thereon.

"'Or in the alternative,

"'(4) That it have judgment against said sheriff retaxing and releasing plaintiff from the payment of said costs and charges now demanded against it.

"'Or in the alternative,

"'(5) That it have judgment against said sheriff and his said sureties, and against said defendants Williams and Slone, for a cancel-

lation and extinguishment of all of said pretended credit so entered upon said judgment and a restoration of said original judgment to the amount and status of the same as it existed before the entry of said credit.

"'And in the event it shall be held that plaintiff is not entitled to any one or all of the special prayers for relief, as before shown, then in addition thereto and in despite thereof, it prays that it have all such other and further orders, judgments, and decrees as may be meet and proper to do full justice to the plaintiff, and to which the plaintiff may show itself entitled, whether specially prayed for herein or not, and which may be necessary or requisite to give the plaintiff full relief, in law or equity, for all of the complaints and injuries herein shown, to which it may show itself entitled, and for all of which it will, as in duty bound, ever pray.'

"On the 18th day of October, 1915, the defendant sheriff and his sureties filed a general and certain special exceptions in the nature of a plea of privilege, and in the same instrument interposed a plea of privilege, and the defendant O. Thallman filed a separate plea of privilege on the 16th day of October, 1915, and at the same time, subject to his plea of privilege, filed a general and special answer to the plaintiff's cause of action.

"On the 22d day of November the pleas of privilege were continued without prejudice, and on the 11th day of May, 1916, at the next term of the court, the general and special demurrers and pleas of privilege filed by the sheriff and his sureties, and also the plea of privilege filed by the defendant O. Thallman, were each and all sustained, and the case ordered transferred to the district court of Bandera county as to all parties.

"Neither of the defendants Williams or Slone filed any answer, and it was ordered that the judgment transferring the case should remain in abeyance pending the appeal, and the appellant duly excepted to the judgment of the court in sustaining the demurrers and the pleas of privilege, and in transferring the case to the district court of Bandera county, and gave notice of appeal to this court, and 60 days was allowed after the adjournment of the court in which to file a statement of the facts and bills of exceptions, and both of which were filed within the time allowed.

"The appellant requested the district judge to file conclusions of law and fact, which he did, and to which the appellant excepted.

"The appellant also took a bill of exceptions to the action of the court and to the conclusions of law and fact, which bill of exceptions was allowed and approved within the time provided in the order.

"The appellant then filed its assignments of error in the court below, and also filed its supersedeas appeal bond, and has brought the case into this court for correction and revision, and relies for the reversal of the judgment upon the errors of the trial court as set forth in the following assignments of error."

In addition to the foregoing, it is proper to state that the demurrers and exceptions contained in the answers filed by the defendants presented only two questions, which were: First, that the plaintiff's petition showed on its face that the court had no jurisdiction over the persons of the defendants; and, second, that in like manner it disclosed a misjoinder of causes of action. And the trial court in its findings of fact and conclusions of law sustained both of those contentions, and made an order transferring the case to the district court of Bandera county, and that action of the court is assigned as error.

Opinion.

In this state, while by Legislative enactment we have adopted the common law when not inconsistent with our own judicial system and rules of procedure, still by force of statutory enactments and decisions of our court of last resort, there are many differences as to our methods of administering the law, as compared with those of the common law. We have no separate chancery courts or equity dockets, and we administer both law and equity in the same proceeding, and with less distinction as to pleading. Our statute regulating pleading dispenses with common-law forms of action; and the question of how many different rights or causes of action may be litigated in the same suit may in many instances be properly left to the sound discretion of the trial court. In fact it is a common-law maxim that the law abhors a multiplicity of suits, and it is the judicial policy of this state to determine in one suit as many rights as may be done consistently with orderly and efficient procedure.

[1] Accordingly we permit a plaintiff in different counts in his petition to present inconsistent pleas, asserting his right in one plea to recover upon the facts therein stated, and to claim in another plea that, if the facts are not as therein alleged, and are as stated in such other plea, he is entitled to relief against another defendant.

With these general observations we turn to the case in hand and begin its consideration by quoting two articles of the statutory law of this state:

Article 3776 reads as follows:

"Should an officer fail or refuse to levy upon or sell any property justly liable to execution, when the same might have been done, he and his sureties shall be liable to the party entitled to receive the money collected on such execution for the full amount of the debt, interest and costs, to be recovered on motion before the court from which said execution issued, five days' previous notice thereof being given to said officer and his sureties."

Article 3777 reads as follows:

"Should an officer neglect or refuse to return any execution as required by law, or should he make a false return thereon, he and his sureties shall be liable to the party entitled to receive the money collected on such execution for the full amount of the debt, interest and costs, to be recovered as provided in the preceding article."

[2] If the facts alleged in the petition now under consideration are true (and they are to be so considered in determining this appeal), it seems clear to us that appellant was entitled to the relief afforded by the statute just quoted as against the defendant Smith and the sureties upon his official bond; and by the terms of the statute he was required to seek that relief in the court below, and perhaps was not entitled to it at the hands of any other court. But counsel for appellee make the contention in this court that it is apparent from the face of the petition under consideration that appellant asserted no

right and sought no relief under the statute, but sought to recover against the sheriff and his sureties and the defendant Thallman upon a common-law right of action. True it is the plaintiff did not denominate its pleading a "motion," and it is also true that it sought to recover against Thallman upon the theory that he had conspired with and induced Smith, the sheriff, to commit the wrongful acts charged in the petition. But these facts do not preclude the plaintiff's right to recover under the statute, at least as against the sheriff and the sureties on his official bond. While our practice act and rules prescribed by the Supreme Court designate certain pleas by certain names, still, if a plea states a cause of action or a defense, the fact that it may be given a wrong name by the pleader does not nullify the effect of the plea. The courts should, and as a general rule do, look to the substance, and not the form, in determining the merits of a particular written instrument, including pleadings filed in a court; and it has, in substance, so been held by this court in construing the statute referred to. Murray v. Evans, 25 Tex. Civ. App. 331, 60 S. W. 786; Nowotny v. Grona, 44 Tex. Civ. App. 325, 98 S. W. 416. In the cases just cited this court held that a proceeding under the statute constituted an ordinary civil suit.

[3, 4] We are also of the opinion that the petition stated a cause of action as against the sheriff and the defendant Thallman for a conversion of some of the property, and the fact that it does not show that the other defendants participated in or are liable for such conversion cannot afford any reason for transferring the case to the county in which the defendants reside, even if it would justify sustaining an exception for misjoinder of causes of action, which we do not hold.

[5] The doctrine of misjoinder of causes of action does not rest upon the fact that the court is without jurisdiction to try separate and distinct causes of action against two or more defendants, but upon the consideration that in most instances such method of procedure would be calculated to consume too much time, and to confuse the jury, and thereby hinder instead of promote the proper administration of the law.

[6] But when the plaintiff's petition indicates upon its face that the reasons referred to do not exist in the particular case, and when, as is permissible in this state, the case may be submitted to the jury upon special issues, we see no reason why the rule referred to should be enforced.

In the case at bar much of the testimony tending to support the charge of conversion would also tend to support the charge of statutory misconduct alleged against the sheriff, for the purpose of showing the statutory liability of himself and the sureties upon his bond.

The alternative cause of action asserted against the defendants Williams and Slone

for the cancellation of the credit upon the plaintiff's judgment against them is based upon the failure by the plaintiff to sustain either of its causes of action alleged against the other defendants, and would require no additional testimony. Hence we conclude that the plaintiff's petition does not disclose a misjoinder of causes of action. But, if mistaken as to that, we would still be compelled to hold that the trial court committed reversible error when it made the order changing the venue of the suit.

[7] The court to which the case was transferred would have no power to grant some of the alternative relief sought by the plaintiff. We refer to that portion of the petition wherein the plaintiff seeks alternative relief against Williams and Slone by canceling a credit entered upon the plaintiff's judgment against them, and wherein it asks for alternative relief against the sheriff, Smith, for the purpose of retaxing the costs taxed against the plaintiff in his favor in the court below. The district court of Bandera county, to which the court below ordered the case transferred, would have no power to grant the relief referred to.

[8] In fact, when the defendants raised the question of misjoinder of causes of action in connection with their plea of privilege to be sued in another county, if the trial court was of the opinion that there was such misjoinder, it seems to us that the proper course would have been to require the plaintiff to elect which cause of action it would stand upon, and then determine the question of venue after such election had been made. And if the plaintiff had declined to make such election, then it would have been proper to sustain the demurrer presenting the question of misjoinder and dismiss the suit. However, we do not think there was any improper joinder of causes or parties.

For the reasons stated, the judgment of the trial court must be reversed, and the cause remanded for further proceedings not inconsistent with this opinion.

Reversed and remanded.