**Lon EVANS, Sheriff of Tarrant County, et al., Appellants,**

v.

**HENRY S. MILLER COMPANY, Appellee.**

No. 11492.

Court of Civil Appeals of Texas.

Austin.

April 5, 1967.

Rehearing Denied April 26, 1967.

Brown, Herman, Scott, Young & Dean, Beale Dean, J. Shelby Sharpe, Fort Worth, for appellants.

Whitener, Price, Lewis & Steinberg, Lawrence E. Steinberg, Dallas, for appellee.

HUGHES, Justice.

This appeal is by Lon Evans, Sheriff of Tarrant County, and Fireman's Insurance Company of Newark, New Jersey, from an order of the trial court striking their pleas of privilege to be sued in Tarrant County. The Henry S. Miller Company is appellee. The question presented is one of law, arising from the following facts and proceedings:

The Henry S. Miller Company obtained a money judgment November 16, 1965, in cause styled Henry S. Miller Company v. Joseph Shoaf, No. 65–2334–C, in the 68th Judicial District Court of Dallas County. Execution was issued on this judgment on December 9, 1965, and placed in the hands of appellant, Lon S. Evans, Sheriff of Tarrant County, for execution as therein directed. This execution was returned unexecuted.

On January 5, 1966, execution was again issued on this judgment and placed in the hands of Sheriff Evans for execution. He returned this execution unexecuted.

On May 17, 1966, appellee filed a motion in the case of Miller v. Shoaf, supra, against Sheriff Evans and Fireman's Insurance Company of Newark, New Jersey, in which it was alleged that Lon Evans was Sheriff of Tarrant County and Fireman's was surety on his official bond as Sheriff filed with the County Clerk of Tarrant County and approved by the County Judge of Tarrant County.

It was further alleged in this motion that when the execution of December 15, 1966, was placed in the hands of Sheriff Evans that attorneys for Miller Company advised Sheriff Evans in writing that the defendant in such judgment, Shoaf, owned certain described realty in Tarrant County.

When the execution issued January 5, 1966, was placed in the hands of Sheriff Evans it was alleged he was again requested in writing to levy on certain described real estate in Tarrant County. Again on February 15, 1966, so it was alleged, the Sheriff was requested in writing to levy on such real estate. It was also alleged in such motion that the property on which levy was sought and which was subject to execution had been transferred by the owner to the damage of the plaintiff in execution.

The prayer of this motion was that the Sheriff and his surety be cited to appear and show cause why they should not be required to pay the unpaid portion of the judgment held by the Miller Company against Shoaf, plus interest and costs.

This motion was filed under the provisions of Art. 3825, Vernon's Ann.Tex.Civ. St., which reads:

"Art. 3825. [3776] [2386] [2326] Failure to levy or sell

Should an officer fail or refuse to levy upon or sell any property subject to execution, when the same might have been done, he and his sureties shall be liable to the party entitled to receive the money collected on such execution for the full amount of the debt, interest and costs, to be recovered on motion before the court from which said execution issued, five days previous notice thereof being given to said officer and his sureties."

Appellants contend that Sub. 30, Art. 1995, and Art. 7.01 of the Texas Insurance Code, V.T.C.S., are controlling on the venue of this proceeding.

We quote Sub. 30 and the relevant portion of Art. 7.01, supra:

"Art. 1995. [1830] [1194] [1198] Venue, general rule

30. Special venue.—Whenever in any law authorizing or regulating any par-

ticular character of action, the venue is expressly prescribed, the suit shall be commenced in the county to which jurisdiction may be so expressly given."

"Art. 7.01. Venue of Suit on Bond; Service

If any suit shall be instituted upon any bond or obligation of any insurance company licensed in this State and having authority to act as surety and guarantor of the fidelity of employees, trustees, executors, administrators, guardians or others appointed to, or assuming the performance of any trust, public or private, * * * upon any bond or bonds that may be required of any state official, district official, county official or official or any school district or of any municipality, the proper court of the county wherein said bond is filed shall have jurisdiction of said cause. * * * "

It is our opinion that the motion filed by appellee under the provisions and by the authority of Art. 3825 are not subject to the pleas of privilege filed by appellants and that Sub. 30 and Art. 7.01, supra, are inapplicable.

The liability of a sheriff and constable for failure to execute a Writ of Execution is discussed in 11 Texas Law Review 251 as follows:

"The primary object of the above statute [Article 3825] is to compensate the Plaintiff in execution for the default of the officer; such default makes the officer prima facie liable, and the burden is upon the sheriff to show that nothing could have been realized if the sheriff had used proper official diligence, * *

The motion against the sheriff provided in the statute is not a new suit but is only a continuation of the suit by which the judgment was gained. Hicks v. Gray, 25 Tex. 83 (1860); Banner v. Henry, 31 S.W. 1098 (Tex.Civ. App. 1895). The motion must be brought in the county in which the judgment was granted. DeWitt v. Dunn, 15 Tex. 106

(1855); De La Garza v. Booth, 28 Tex. 478, 91 Am.Dec. 328 (1866); Robinson v. Schmidt & Zeigler, 48 Tex. 13 (1877) * * * The remedy by motion is held to be only cumulative, De La Garza v. Booth, supra; Banner v. Henry, supra; but damages provided by statute are recoverable only by motion, Scogins v. Perry, 46 Tex. 111 (1876)."

52 Tex.Jur.2d, Sheriffs, Constables, etc., Sec. 61, p. 343 is to the same effect. We quote therefrom:

"In contravention of the rules governing venue of suits, a motion in summary proceedings against a levying officer, being not a new suit, but the continuation of proceedings in a suit, is necessarily filed in the court in which the suit was instituted."

Appellant cites Murray v. Evans, 25 Tex. Civ.App. 331, 60 S.W. 786, (1901) n. w. h. and Nowotny v. Grona, 44 Tex.Civ.App. 325, 98 S.W. 416, (1906) writ ref. as holding that a proceeding such as we have here is a suit.

The Court in Murray v. Evans states that when the statute (Art. 2386 R.C.S. 1895) is analyzed "it will be seen that it merely authorizes a suit to be brought against the officer in a different form and earlier than perhaps it otherwise could be brought, and, in some instances, fixes the venue different from what it otherwise would be."

In Nowotny v. Grona, the Court held that a proceeding under Art. 2386, supra, was an ordinary civil suit.

 We do not disagree with these decisions. We believe the proceedings below constitute a suit. Whether it is a new suit, an ordinary suit or a continuation of the old suit is, in our opinion, of no consequence. It is a proceeding or suit which is not subject to a plea of privilege. See Cowan v. State, 356 S.W.2d 170, Tex.Civ. App., Austin, writ dismissed.

It would be a very strange construction of Art. 3825 to hold that it required the filing of the motion in a court which lacked venue if the parties against whom it was filed were nonresidents of the county.

It is quite true that Art. 7.01 of the Insurance Code provides for special venue in suits of the nature described and but for the provisions of Art. 3825 would fix venue of a suit seeking the relief here sought. Art. 3825, however, is more limited in scope than Art. 7.01 of the Insurance Code. The category of suits for which it fixes venue is less general and more restrictive than those described in Art. 7.01. Being more specific, Art. 3825 must prevail as to venue when its provisions are properly invoked over the more general provisions of Art. 7.01 of the Insurance Code. This is a general rule for statutory construction.

The action of the trial court in striking appellants' pleas of privilege is the equivalent of overruling them. See Cowan v. State, 356 S.W.2d 170, supra. As thus construed, we affirm the judgment of the trial court.

Affirmed.