## M. A. POER AND OTHERS V. J. C. BROWN.

It is not necessary, in a suit on a sheriff's bond, to show the action of the County Court, directing in what sum it should be given; or that the court approved of the sureties thereon.

No formal order of approval of the sheriff's bond, by the County Court, is necessary to its validity.

In an action founded on a sheriff's bond, if the execution thereof be not put in issue, or denied by a plea of *non est factum*, supported by affidavit, proof that the bond was properly taken and approved, is not necessary to establish its due execution and acceptance. When produced, it must be taken, that it was duly executed by the defendants.

In a motion against the securities of a sheriff, for money collected by the latter, and which he has failed to pay over, in order to prove a demand on the officer, the plaintiff is not required to show that the person making it, produced to the sheriff his authority, if it were not called for, or questioned.

The statute that relieves the plaintiff from the necessity of proceeding against the principal, when he resides beyond the limits of the state, or, in such case, enables him to discontinue as to the principal, and proceed to judgment against the sureties, applies as well to a *motion* against a sheriff, as to any other suit.

ERROR from Red River. Tried below before the Hon. William S. Todd.

This was a motion by the defendant in error against Elias Peters, sheriff of Red River county, and M. A. Poer, James P. Alford, C. M. Waddill, and W. E. Estes, sureties on his official bond, to recover $167.67, principal, as also interest and damages, for money collected by the said sheriff, which he had failed to pay over, after demand duly made.

The motion was filed on the 28th day of December, 1858; on the 12th day of January, 1859, the plaintiff amended his motion, and alleged that Elias Peters was not a resident of the state of Texas, and dismissed as to him.

The securities filed a general demurrer, a general denial, and a special answer, denying any liability for the acts of Peters, because no action of the County Court had been had, in directing or prescribing the sum for which the bond should be given, nor had

there been any action of the said court, approving of the bond. This answer was not sworn to.

The parties waived a jury, and submitted the cause to the court. The defendants on the trial, objected to the sheriff's bond, offered in evidence by the plaintiff, for the following causes :

"Because there was no evidence that the County Court of Bowie county had fixed the penalty of the bond of said Peters, as sheriff.

" There was no evidence that said bond had been approved by said court, by any order, decree, or judgment thereof.

" That the endorsement of said bond by the chief justice of said county was insufficient, and was no evidence of any action of the court.

" There was no evidence that said bond was received as the bond of defendants, except the endorsement on the same."

The bond offered in evidence, was in the form prescribed for sheriffs' bonds, and dated the 18th day of August, 1856. To it was attached the oath of office, which was taken by Peters, before the chief justice of the county, on the 18th day of August, 1856. The amount of the bond was $5000. The following certificate and endorsement appeared on the bond.

" *The State of Texas, County of Bowie.* I, John W. Leigh, Chief Justice of Bowie county, do hereby certify, that the bond hereunto annexed has been approved, as the law requires, by the County Court.

[ L. S.] " Given under my hand and seal this 18th day of August, 1856.

"·John W. Leigh,
"Chief Justice.

" Filed and approved, August 18th, 1856.
"P. M. Duke, Clerk."

And by the county clerk's endorsement, it further appeared, that the bond was recorded in the book of official bonds. The objections to the reading of the bond in evidence, were overruled by the court, and the defendants excepted.

The plaintiff offered to prove a demand made on Peters, as sheriff, by one James Hooks, (to whom, as alleged in the motion, the plaintiff gave an order on the sheriff for the money,) for the amount which had been collected; to this the defendants objected, unless the plaintiff could also show that Hooks produced to Peters his authority to make the demand. The objection was overruled, and the defendants excepted.

It was proved, that when Hooks made the demand on Peters for the money, (by virtue of an order drawn in the name, and in behalf of the plaintiff,) Peters paid him $500 of it, but refused to pay the balance; the witness demanded the balance on the 16th day of February, 1858.

Judgment was rendered in favor of the plaintiff against the defendants, for the principal and interest, and ten per cent. damages per month, from the date of the demand, making in all the sum of $366.29, together with all costs.

*Pirkey & Estes*, for the plaintiffs in error.

*J. A. N. Murray*, for the defendant in error.

WHEELER, C. J.—It is objected to the judgment, that the sheriff's bond does not appear to have been properly taken, and is invalid, because, it is insisted, there is no sufficient evidence of any action of the County Court, directing in what sum it should be given, or approving of the sureties upon the bond, as the statute directs. (Dig., Art. 2882.) The giving of the bond presupposes that the sum for which it is given, had been previously fixed by the court, and is sufficient evidence of the fact. It is an admission that this pre-requisite of the law had been complied with, which the obligors cannot afterwards be heard to controvert. The endorsements upon the bond do furnish evidence of its approval, sufficient to authorize the clerk to take charge of and record it; and that is all that the statute requires. The entry of the chief justice, was for the better information of the

clerk, doubtless, whose endorsement is evidence that the bond was approved by the court.

The objections to the want of evidence, that the bond was properly taken and approved, if well taken in point of fact, might be disposed of, by a reference to our opinion in the case of Wright v. Leath, (*supra*, 24.) But they are susceptible of another answer in this case. They go to the question of proof of the due execution of the bond. But such proof was not necessary under the pleadings. The action was founded on the bond, and its execution was not put in issue, or denied by a plea of *non est factum*, supported by affidavit. The plaintiff, therefore, was not required to prove the execution of the bond; it must be taken that it was duly executed by the defendants. (Sayles' Practice, § 417; Hart. Dig. 741.) The due execution of an instrument includes its delivery; consequently, further proof of the complete execution of the contract, between the obligors and the state, could not be required.

There is nothing in the objection to the evidence of the demand of the money of the sheriff. The authority of the person making the demand, was not called for or questioned. It was not necessary, therefore, that he should have produced it. Moreover, the evidence shows that it was recognised by the sheriff, by the payment of a part of the sum demanded.

There was, we think, no error in permitting the plaintiff to discontinue as to the principal obligor, and take judgment against the sureties. The present, though more summary than ordinary suits, is nevertheless a suit; and we see nothing in the case to make it an exception to the general rule provided by the statute, that relieves the plaintiff from the necessity of proceeding against the principal, or enables the plaintiff to discontinue as to him, when he resides beyond the limits of the state, and proceed to judgment against the sureties. (Hart. Dig., Art. 670, 705.) We are of opinion that there is no error in the judgment, and it is affirmed.

Judgment affirmed.