## W. M. McFARLANE ET AL. v. J. B. HOWELL, COUNTY JUDGE.

Delivered May 13, 1897.

**1. Official Bond—Liability of Surety.**

One who signs an official bond under an agreement that it shall not become operative and binding against him unless an additional surety is obtained, of which agreement the county judge, to whom the bond is made payable, has notice before its delivery to him, is not bound where such additional surety is not obtained.

**2. Same—Delivery—Validity.**

No recovery can be had on the bond of a county treasurer for security of the school fund, where such bond was never delivered to and accepted by the county judge, whose duty it is to take the bond.

**3. Same—Same—Evidence of.**

The delivery of the bond of the county treasurer for security of the school fund to the county judge, and its acceptance by him, are sufficiently shown to authorize the admission of the bond in evidence in an action thereon, where, after the expiration of the term of office of the treasurer and of the county judge, it was found among other official bonds in a file box in the office of the clerk, which was the proper place of deposit, although it has no file mark and no indorsement of approval thereon.

**4. Same—Action on—Evidence—Admissions of Principal.**

In an action on an official bond, evidence of statements by the principal is admissible to contradict his testimony, but not as affirmative evidence against the sureties.

**5. Depositions—Answer Not Responsive—Time for Objection.**

The objection that the answer to an interrogatory is not responsive to the question can only be made by motion to suppress before the trial.

**6. Evidence—Opinion of Witness.**

The following statement is only an opinion of the witness: "Finding the bond in this condition makes me think it may have been presented to me for approval and rejected."

**7. Treasurer's Bond—Action on—Evidence—Comptroller's Certificate.**

The certificate of the comptroller showing the amount paid to the county treasurer as such during a specified year is admissible in an action on his bond given for security of the school fund.

**8. Same—Same—Same—Admissions of Principal.**

Evidence of an admission made by the county treasurer after his term of office had expired, of a shortage in his accounts, is admissible against the treasurer, but not against the sureties on his official bond.

**9. Same—Time of Filing—Validity.**

Failure to deliver a bond given by the county treasurer for the security of the school fund within twenty days after receiving his certificate of election does not render the bond void.

APPEAL from Jasper. Tried below before Hon. STEPHEN P. WEST.

*Ford, Martin & Jones* and *Seale & Beaty,* for appellants.—1. The terms upon which Smythe signed the bond constituted, as between him and McFarlane, a contract upon a sufficient consideration, and if these terms were known to the county judge before he acted upon it in an official capacity, he was put upon notice that McFarlane had no authority to deliver the bond, and that as to Smythe the bond was never executed. Ballow v. Wichita County, 74 Texas, 341; 2 Am. and Eng. Encyc. of Law, pp. 459, 460, 467; Am. Dig. 1894, p. 1663, sec. 10.

2. In the absence of positive evidence of delivery, acceptance and approval, the finding of the instrument in the clerk's office in the place and under the circumstances this instrument was found, without date, file mark, or approval upon it, would create a stronger presumption that it had been rejected than that it had been approved. Rev. Stats., art. 921; Am. Dig. 1889, p. 390, sec. 8; Commonwealth v. Yarborough, 84 Ky., 496; Commonwealth v. Magoffin, 25 S. W. Rep., 599.

*Votaw & Chester,* for appellee.—1. The answer shows no defense to the action. Sayles' Civ. Stats., art. 989; City of Hallettsville v. Long, 32 S. W. Rep., 567; Brown v. State, 18 Texas Civ. App., 326; Dair v. United States, 16 Wall., 1-6; Moss v. Riddle & Co., 5 Cranch, 351; Russell v. Freer, 56 N. Y., 67.

2. Delivery of a bond of a county treasurer, good upon its face, as provided by law, to the county judge is a delivery to the county, and any condition precedent or understanding, not shown upon the face of the bond, had with the county judge or a cosurety could not render inoperative any condition in, or the liability of any surety upon such bond, and proof of such conditions precedent or understanding would in no way contribute to prove or tend to prove nondelivery, or that such bond was not legally delivered and accepted. Authorities supra.

3. Where an official bond is found upon file in the custody of the obligee, without any evidence accompanying it that it has been rejected, and the principal has proceeded to execute the duties of his office, the presumption is violent, if not conclusive, that the bond was received by the court as the surety required by law. Bank v. Dandridge, 12 Wheat., 86; 2 Am. and Eng. Encyc. of Law, 459.

WILLIAMS, Associate Justice.—This was an action by the county judge, for the use of the county, against McFarlane, as principal, and W. C. Price and G. W. Smythe, as sureties, upon an instrument alleged to be the bond given by McFarlane, as county treasurer, in accordance with article 921, Revised Statutes 1895, for the security of the school fund of the county, to recover a balance of such fund which he had failed to pay over to his successor or to otherwise account for.

The defendants all pleaded general denial; and defendant Smythe pleaded specially under oath that "at the time said instrument was presented to him for his signature by William M. McFarlane, the principal in said bond, and before said instrument was signed by him, it was agreed

between him and said McFarlane that he would not become a surety upon said bond unless, before the delivery and approval of said bond by the county judge of Jasper County, that at least one other good and solvent surety besides W. C. Price would sign the same; and that said defendant Smythe then and there signed the said bond with the knowledge and consent of the said McFarlane that his said signature should only become operative and binding against the defendant in the event that such additional security was secured. Defendant alleges that no other good and solvent surety besides W. C. Price was procured upon said bond; that N. F. Belk, who was then county judge of said Jasper County, had full notice of the conditions under which this defendant signed said bond, and that said notice was given to him prior to the time when said bond went into the possession of said county judge, if in fact said bond was ever in his possession." A special exception to this part of the answer was sustained, on the ground that it stated no defense.

The answer further alleged that the bond sued on had never been tendered or delivered to the county judge to whom it was payable, and had never been approved by him. The court submitted the question last stated to the jury, and a verdict having been returned for plaintiff, all of the defendants have appealed.

The first objection urged to the action of the court below is to the sustaining of the exception to the special answer of appellant Smythe, and we think it is well taken. As to whether or not a bond signed by a surety and left with his principal, upon such a condition as that set out in the answer, can be enforced against such surety, where it has been delivered by the principal to the obligee in violation of the condition, and has been accepted by the obligee without notice of the condition, there is conflict of authority. The Supreme Court of this State has decided that, under the facts stated, the surety is liable. Ballow v. Wichita County, 74 Texas, 341.

But none of the authorities cited, and none that we know of, hold that the surety is liable, where notice of the condition is given to the obligee, either directly or circumstantially, before the acceptance of the obligation. On the contrary, all of them admit that, in such a case, the defense is available. Many authorities hold that an obligor in a bond can not, when sued upon it, show by parol evidence that he delivered it in escrow to the obligee, or to one of several obligees, upon such a condition.

But this is not the case presented by the answer. The bond was not delivered by the surety to the obligee, but was signed and placed in the hands of his co-obligor, with the stipulation that it was not to take effect or be delivered to the obligee unless another surety signed it. If the principal delivered it to the obligee, and the latter accepted and approved it, without notice of the condition upon which it had been signed by Smythe, the latter will be estopped to urge the defense. Dair v. United States, 16 Wall., 326. But if, as alleged, the obligee had notice when he received and approved the bond, this would constitute a defense for Smythe.

The decision of this court in the case of the city of Hallettsville v. Long, 32 Southwestern Reporter, 537, has no application here. No question was there involved as to the due execution of the bond or its completeness as an obligation, but the sureties undertook to defeat it by an allegation that officers of the city, who received and approved it, had represented that the principal, who had been chosen to an office, was worthy to fill it, when in fact he was known to them to be a defaulter. This was held, in substance, to have been an act outside the line of the duties of the officers taking the bond, and was not to be imputed to the city. The bond was executed, received, and approved in compliance with law, and was held to have taken effect accordingly, unaffected by the representations of the officers. The point here is, that the bond was never executed by the surety so as to bind him; and it is not an unauthorized act of the officer taking it that is relied on to defeat it. The court therefore erred in sustaining the exception to the answer, and in excluding evidence tending to sustain it.

Though this defense of Smythe should fail, still if the bond was never delivered to and accepted by the county judge, whose duty it was made by law to take the bond, no recovery could be had upon it. This was recognized by the court below, and the question was submitted to the jury. It is urged that the court erred in admitting the bond in evidence, and that the verdict of the jury is contrary to the evidence, because the delivery and approval of the bond were not sufficiently shown.

The bond was found, after the expiration of the term of office of the treasurer and of the county judge, whose duty it was to have taken the bond, in a tin file box in the office of the clerk, among other official bonds of the county. This was the proper place of deposit. It had no file mark and no indorsement of approval upon it, and bore date, 2d day of November, 1892, which was the time at which McFarlane was elected. McFarlane testified that he had never delivered it to the county judge, nor to any one, as his official bond. The person who was county judge at the time of McFarlane's election testified by deposition, and could not remember positively whether or not the bond had ever been delivered to and approved by him, but stated circumstances tending to show that it had not. McFarlane held his office for two years and received the school funds in that capacity without objections from any quarter, and there was no other bond which entitled him to do so.

We are of the opinion that the court did not err in admitting the bond in evidence, and we can not say that the jury were not warranted in finding for plaintiff on this issue.

The statements testified to by Votaw and Chester, as having been made to them by McFarlane, tended to weaken McFarlane's testimony, and, a proper predicate having been laid for contradicting him, were admissible for that purpose. They were not admissible, however, as affirmative evidence against the sureties. Screwmen's Association v. Smith, 70 Texas, 168.

The rulings of the court upon the evidence of the witness Belk are

not sufficiently briefed to require us to consider them, but in view of another trial we will indicate our views briefly. The excluded portion of the answer to the sixth interrogatory was not responsive to the question, but this objection could only be made by motion to suppress before the trial. The statement of facts states that the answers were excluded on motion, but at what stage is not stated. The bill of exceptions states that the rulings were made on objection urged during the trial. This objection was not available in this way. Railway v. Ivy, 70 Texas, 417; Wyatt v. Foster & Rafferty, 79 Texas, 412.

The other objection was, that the answer "was the opinion of the witness, irrelevant and hearsay." The evidence was relevant, and was not hearsay. All of it was admissible except the statement, "Finding the bond in this condition makes me think it may have been presented to me for approval and rejected," which is only an opinion.

The excluded portion of the answer to the eighth interrogatory was not called for by the question, but the fact stated was admissible, unless motion to suppress was made at proper time.

The portion of the tenth answer was properly excluded, being purely an inference or opinion of the witness.

The certificate of the Comptroller showing the amount paid to McFarlane, as treasurer, during the year in question was admissible. Rev. Stats., arts. 2006, 2436. The statement also showed the amounts paid to him in other years, and this was irrelevant, but did not render the whole statement inadmissible. Besides, the same fact was shown by the treasurer's report and by the uncontradicted evidence in the case, and if there had been error it would have been harmless.

The evidence of Howell as to the admission made to him by McFarlane, after his term of office had expired, of a shortage in his accounts, was admissible against McFarlane, but not against the sureties. Screwmen's Association v. Smith, supra. The fact of shortage, however, was conclusively established. The plaintiff made out his case by showing that the treasurer had received the money sued for, and had failed to account for it, and had not paid it over to his successor.

There is evidence tending to show that if the bond was ever delivered to the county judge, it was done more than twenty days after McFarlane received his certificate of election, and it seems to be contended that this would render the bond void. We can not agree to this proposition. The statute is directory and the giving of the bond within twenty days is not essential to its validity. Mech. on Pub. Officers, sec. 265.

For the errors committed against the sureties, Smythe and Price, the judgment against them will be reversed and the cause remanded for a new trial of the issues between them and the plaintiff. But as McFarlane is liable for the amount recovered, regardless of the bond, and as there is no error as to him, the judgment against him will be affirmed.

*Affirmed in part and reversed in part.*

Writ of error refused.