HOPKINS v. KING.   (No. 1986.)

(Court of Civil Appeals of Texas.  Texarkana.
June 5, 1918.  Rehearing Denied June 27,
1918.)

1. APPEAL AND ERROR ⬥═══690(5)—RECORD—EXCLUSION OF EVIDENCE.
In action of trespass to try title, where deeds were excluded on objection that the descriptions were insufficient, and bill of exceptions reserved to such ruling did not contain a description of the property, and the record did not otherwise give a description, the court could not say that the trial court erred in excluding the deeds.

2. TRESPASS TO TRY TITLE ⬥═══40(5) — EVIDENCE—DEEDS—ADMISSIBILITY.
In action of trespass to try title to land in the "Isom Lee" survey, sheriff's deed fully describing land situated in "J. Lee" survey was properly excluded, in the absence of evidence tending to show that the variance in the description was a clerical error.

3. APPEAL AND ERROR ⬥═══1056(1)—HARMLESS ERROR.
In trespass to try title, where the record contained no evidence of adverse possession, or of payment of taxes by defendant, exclusion of deeds upon which defendant sought to rest his adverse possession, if error, was harmless.

4. EXECUTION ⬥═══258—SALE—SUFFICIENCY OF CONSIDERATION—COLLATERAL ATTACK.
Mere fact that plaintiff's title rested on purchase at execution sale for inadequate consideration did not make the sale an absolute nullity, which could be urged in a collateral proceeding in trespass to try title, brought by such purchaser.

5. TRESPASS TO TRY TITLE ⬥═══18—DEFENSES—RIGHTS OF THIRD PERSON.
In trespass to try title, brought by purchaser at execution sale, where the evidence justified conclusion that defendant, if in actual possession, was a naked trespasser, he was in no position to take advantage of any irregularities in

the execution sale upon which plaintiff's title rested.

Appeal from District Court, Camp County; J. A. Ward, Judge.

Action by E. A. King against G. C. Hopkins and others. Judgment for plaintiff in part, and defendant Hopkins appeals. Affirmed.

Smith & Bryson and C. G. Engledow, all of Pittsburg, for appellant. O. A. Arnold, of Pittsburg, for appellee.

HODGES, J. This suit originated in an action of trespass to try title instituted by the appellee, King, against the appellant, Hopkins, and a number of other parties, for the recovery of several tracts of land. It was finally reduced to a controversy between King and Hopkins as to the title and ownership of 50 acres of land situated in Camp county and described as a part of the Isom Lee survey. In a trial before the court without a jury, a judgment was rendered in favor of the appellee for an undivided nine-sixteenths of the land sued for. It was agreed by the parties that M. J. Couch, the surviving widow of J. M. Couch, and her son, J. W. Couch, constituted the common source of title. As evidence of title, the appellee introduced a judgment in his favor against Mrs. Couch for the sum of $126.95 rendered in the justice court of Camp county in 1893; also a deed by the constable of that precinct, which recited the issuance of an execution and levy upon the land in controversy and a sale to the appellee. This deed was dated March 7, 1893. When the deed was offered in evidence, the objection was made that no execution authorizing the sale had been shown. There was ample evidence to warrant a finding by the court that an execution had been issued upon the judgment and placed in the hands of the constable and that the sale was made by virtue of that writ. Parol testimony was offered showing that a search had made among the records of the court for the execution, and it could not be found. Appellant claimed the land by limitation under deeds executed after the constable's sale to King. He proved that after the death of J. M. Couch his widow, M. J. Couch, qualified as community administratrix of the common estate. He offered in evidence a deed from M. J. Couch as such community administratrix conveying 50 acres of land to J. F. Sorrells in consideration of a cash payment and the execution of three vendor's lien notes. This deed was dated August 9, 1893. He then offered in evidence a judgment rendered thereafter in his favor

in a suit instituted by him against Sorrells to foreclose his vendor's lien upon the land in controversy; and an order of sale issued on that judgment, in which the return of the officer showed a sale to appellant. Following this, the appellant offered a deed made by the sheriff of Camp county in pursuance of that sale. The deeds from Mrs. Couch to Sorrells and the sheriff's deed were excluded upon the objections that the descriptions of the property contained in them were insufficient to sustain valid conveyances.

[1-3] The bill of exception reserved to the action of the court in excluding the Sorrells deed does not contain a description of the property, and we are not otherwise in the record informed as to what that description was; hence we are unable to say that the court committed any error in excluding that instrument. The description in the sheriff's deed is set out at length; and, while it may not have been void upon its face as being insufficient to convey any land, it describes a tract situated in the "J. Lee" survey, and not the "Isom Lee" survey. There was no evidence offered tending to show that the variance in the description was the result of a clerical error. We are of the opinion that the court committed no error in excluding that deed. Those deeds were both offered, not as evidence of a paper title in the appellant, but as the basis for his defense founded upon five years' adverse possession. The record contains no evidence of any such adverse possession, or of the payment of taxes by the appellant or any one under whom he claimed. Under that state of the evidence, even if the deeds had been admitted, the defense of limitation would not have been complete; and the error, if any, was harmless.

[4, 5] The contention is also made by the appellant that the appellee's title depends upon the purchase at an execution sale made upon an inadequate consideration. Conceding that to be true, that fact alone does not make the sale an absolute nullity that may be urged in a collateral proceeding like this. Smith v. Perkins, 81 Tex. 152, 16 S. W. 805, 26 Am. St. Rep. 794. Furthermore, the appellant filed an abstract showing the chain of title upon which he relied as a basis for his claim of ownership and right of possession. The state of the evidence was such as to justify the court in concluding that the appellant, if in actual possession of the land, was a naked trespasser without any rights whatever. He is therefore in no position to take advantage of the irregularities claimed. Fitch v. Boyer, 51 Tex. 345.

The judgment is affirmed.