MORRIS COUNTY NAT. BANK v. PARRISH et al. (No. 2034.)

(Court of Civil Appeals of Texas. Texarkana. Nov. 21, 1918. On Appellant's Motion for Rehearing, Dec. 19, 1918.)

1. APPEAL AND ERROR ⬨➡1031(4)—REVERSAL FOR ERROR—EVIDENCE—RULE OF COURT.

Despite Rule 62a for Courts of Civil Appeals (149 S. W. x), injury will be presumed when trial court erroneously excluded evidence constituting foundation of action or defense under such circumstances that it cannot reasonably be expected that it can be supplied by other evidence.

2. COUNTIES ⬨➡64 — OFFICERS — TREASURER'S BOND—CONDITIONS.

Bond of treasurer of county, in which the words substituted for words of the statute were equivalent thereto, held not invalid as statutory bond on ground that it was not conditioned as statute required.

3. COUNTIES ⬨➡64 — OFFICERS — TREASURER'S BOND—APPROVAL.

Approval by commissioners' court of bond of county treasurer, if necessary to its validity, could be shown otherwise than by entry on minutes of court.

Appeal from District Court, Morris County; J. A. Ward, Judge.

Suit by the Morris County National Bank against W. M. Parrish and others. From judgment for defendants, plaintiff appeals. Reversed, and cause remanded.

Appellee Parrish was county treasurer of Morris county. The other appellees were sureties on a bond made by him as such treasurer in November, 1914. Appellant claimed to be the duly qualified depository, under the act of 1905 (Vernon's Statutes, arts. 2440 to 2453), of moneys belonging to said county. The suit was by appellant on said bond for $6,245.61, which it claimed to be damages it was entitled to because of the failure, it alleged, of Parrish as such treasurer to comply with section 24 (Vernon's Statutes, art. 2444) of said act, which required him to turn over to it moneys in his hands as such treasurer.

At the trial the bond sued upon was iden-tified by J. D. Lasater, county clerk of Morris county in 1914, testifying as a witness, as the bond made by said Parrish as county treasurer in November of that year. Appellant thereupon offered the bond as evidence, together with a certificate of the county judge of Morris county, attached thereto, showing it to have been "approved in open commissioners' court"; but on appellees' objection thereto on the ground (1) that it was not conditioned as the law required such bonds to be, and (2) that it did not appear from testimony competent to prove the fact that it had been approved by the commissioners' court, the bond was excluded. Appellant then offered to prove by the witness Lasater that, while the minutes of the commissioners' court did not show it, as a matter of fact the bond was duly approved by that court November 10, 1914. The testimony was excluded on the theory, it seems, that the approval of the bond by the commissioners' court could be shown in no other way than by an order entered in the minutes of the proceedings of that court. After excluding the bond as evidence, the trial court instructed the jury to return a verdict in appellees' favor. The appeal is from a judgment in accordance with such a verdict.

Mahaffey, Keeney & Dalby, of Texarkana, for appellant.

P. A. Turner, of Texarkana, and Henderson & Bolin, of Daingerfield, for appellees.

WILLSON, C. J. (after stating the facts as above). The contentions presented by the assignments are that the trial court erred: (1) When he refused to permit appellant to prove by the witness Lasater that the bond sued upon was duly approved by the commissioners' court; and (2) when he excluded the bond as evidence. It would serve no useful purpose to determine whether the trial court erred as claimed or not, for, if it were determined that he did, we would be bound, nevertheless, to affirm the judgment. It does not appear from the record that appellant either proved or offered to prove that Parrish as county treasurer held moneys he was bound, and failed, to turn over to it. Without such proof, and proof showing the amount of such moneys, appellant would not have been entitled, had the bond been admitted as evidence, to judgment against appellees. It does not appear from anything in the record that appellant could have made such proof, and we have no right to assume that it could have made it. Therefore, were it conceded that the trial court erred as claimed, we could not say, as we must to reverse the judgment, that the error "probably caused the rendition of an improper judgment in the case." Rule 62a for the Government of Courts of Civil Appeals; Ry. Co. v. Shinn, 153 S. W. 636; Hopkins v.

King, 204 S. W. 360; Ry. Co. v. Miller, 190 S. W. 819; Lumber Co. v. Oil Co., 194 S. W. 633.

The judgment is affirmed.

## On Appellant's Motion for Rehearing.

Prior to November 15, 1912, the date when rule 62a for the government of the Courts of Civil Appeals (149 S. W. x) was promulgated by the Supreme Court, it was the practice of the appellate courts, when it appeared that a trial court had committed error in the trial of a cause, to reverse the judgment, unless it also appeared from the record that injury to the appellant had not resulted from the error. In other words, error appearing, the appellate court would assume it resulted in injury to the appellant, unless the contrary appeared in the record. The effect of rule 62a was to change this practice, and to forbid the reversal of a judgment by a Court of Civil Appeals, unless it appeared from the record, not only that error was committed in the trial, but also that the error "amounted to such a denial of the rights of the appellant as was reasonably calculated to cause and probably did cause the rendition of an improper judgment in the case, or was such as probably prevented the appellant from making a proper presentation of the case to the appellate court." In other words, reversing the former practice, error appearing, the appellate court was to treat it as harmless, unless the contrary appeared in the record. Wells Fargo & Co. v. Benjamin, 165 S. W. 120, 127; Surety Co. v. Hardwick, 186 S. W. 804, 806; Ry. Co. v. Miller, 190 S. W. 819, 822; and cases cited in the opinion affirming the judgment, filed November 21st, last. It was because we thought the cause was within the prohibition against reversals declared in said rule 62a, in that it did not appear from the record that injury to appellant resulted from the exclusion of the bond sued upon as evidence, that this court affirmed the judgment without determining whether it was error to exclude the bond or not. This view of the record is vigorously attacked as erroneous; and, as supporting a contrary view, appellant cites many cases decided by the courts of this state prior to the time when said rule 62a was adopted, holding, in effect, as the court did in McCarty v. Wood, 42 Tex. 39, in accordance with the practice then prevailing, that injury will be presumed when the trial court "erroneously excludes the evidence which constitutes the foundation of the action or the defense, under such circumstances as that it cannot be reasonably expected that it can be supplied by other evidence."

[1] Further consideration of the question has convinced a majority of the members of the court that the view contended for by appellant is the correct one, notwithstanding the prohibition in rule 62a, and therefore, if it was error to exclude the bond as evidence, that the motion should be granted, the judgment reversed, and the cause remanded for a new trial. The writer is not satisfied that the view first taken by this court was erroneous. As stated in the opinion presenting that view, it did not appear from anything in the record that appellant offered to prove, or could have proven, that there had been a breach of the bond. If it could not, or would not, have made such proof, then of course it was not injured by the action of the court in excluding the bond as evidence. Therefore, to reverse the judgment on the ground that injury resulted to appellant from the ruling of the trial court, this court must assume that appellant could and would have proven a breach of the bond had it been admitted in evidence. And that is not the only assumption this court must indulge to reverse the judgment on the ground stated. In its petition appellant alleged as follows:

"The defendant W. M. Parrish was duly elected at the November election, 1914, was a county treasurer of Morris county, Tex., and that on the 10th of November, 1914, the said W. M. Parrish duly qualified as county treasurer of said county, and that he executed an official bond payable to the county judge of Morris county, Tex., and his successors in office, in the sum of $18,000, the said bond being conditioned that the said W. M. Parrish would faithfully execute the duties of county treasurer of Morris county, Tex., and pay over according to law all moneys which should come into his hands as county treasurer, and render a just and true account thereof to the commissioners' court, at each regular term of said court, sureties on said bond being the other defendants heretofore named, and at said time said bond was duly approved by the commissioners' court of Morris county, Tex., and the said W. M. Parrish then and there took the oath of office as county treasurer of Morris county, Tex., and since that time, and is not, the regularly elected, qualified, and acting county treasurer of Morris county, Tex."

At the trial appellant introduced in evidence a portion as follows of an answer appellees filed in the case and afterwards abandoned, to wit:

"Specially answering herein, defendants say that it is true that W. M. Parrish was elected county treasurer of Morris county, and that he has qualified as such as alleged by plaintiff herein."

As an admission by appellant, the portion of its abandoned answer just set out would have warranted the jury in finding as facts all that the bond excluded would have established had it been admitted in evidence. Ry. Co. v. De Walt, 96 Tex. 121, 70 S. W. 531, 97 Am. St. Rep. 877; 16 Cyc. 1043. Therefore, to reverse the judgment on the ground of injury to appellant resulting from the exclusion of the bond, this court must also assume that appellees could and would have shown that said part of their abandoned an-

swer should not be treated as an admission, or else could and would have so explained same as to destroy its value as evidence. As the writer understands rule 62a, it forbids such assumptions by this court.

As, in the opinion of the majority, the relief appellant asks for in its motion should be granted if it was error to exclude the bond as evidence, it becomes necessary in disposing of the motion to determine that question.

The members of the court all agree that the bond was not inadmissible on either of the two grounds urged by appellees.

[2] One of those grounds was that the bond was not conditioned as the statute required it should be. The condition prescribed by the statute for such bonds was that the county treasurer should "faithfully *execute* the duties of his office and *pay over according to law* all moneys which shall come into his hands as county treasurer, and render a just and true account thereof to said court at each regular term of said court."

The bond offered as evidence was conditioned that appellee Parrish, as county treasurer, should "faithfully *perform and discharge all* the duties *required of him by law as county treasurer aforesaid,* and *shall safely keep and faithfully discharge* all moneys which shall come into my hands as county treasurer, and render a just and true account thereof to the commissioners' court of said county at each regular term of said court."

Words used in the statute and omitted from the bond are italicized in the excerpt above from the statute, and words used in the bond in lieu of the statutory words omitted therefrom are italicized in the excerpt from the bond. It is plain that the words substituted in the bond for words used in the statute are the equivalent, substantially, of the statutory words. As they were, the bond was not invalid as a statutory bond. Johnson v. Erskine, 9 Tex. 1; King v. Frazer, 2 Willson, Civ. Cas. Ct. App. § 788; 9 C. J. 24.

[3] The other ground urged for excluding the bond and sustained by the trial court was that it must appear from the minutes of the commissioners' court, and did not, that that court had approved the bond. That the approval (if it was necessary to the validity thereof) of the bond could be shown otherwise than by an entry on said minutes seems to be well established. Ewing v. Duncan, 81 Tex. 230, 16 S. W. 1000; Rankin v. Noel, 185 S. W. 883; Marshall v. Simmons, 159 S. W. 89; Harper v. Golden, 39 S. W. 623; McFarlane v. Howell, 16 Tex. Civ. App. 246, 43 S. W. 315; Wright v. Leath, 24 Tex. 24, 33; Poer v. Brown, 24 Tex. 34; 9 C. J. 25; 15 C. J. 490; Ramsey v. People, 197 Ill. 572, 64 N. E. 549, 90 Am. St. Rep. 177. In his note to the case last cited Judge Freeman says:

"Statutes providing that official bonds shall be approved, and * * * directory merely. Moreover, they are for the convenience, security, and protection of the public, and not directly for the benefit of the principal in the bond and his sureties. If a bond is delivered for approval, it becomes a binding obligation, unless actually disproved. A dereliction of duty on the part of the officers appointed by law to pass upon the sufficiency of the security, and approve or reject it, cannot be taken advantage of by the bondsmen. If they fail to act in the manner or time prescribed, or if they fail to act at all, or if the wrong officers act, the sureties are, nevertheless, bound, when their principal is inducted into office and proceeds to act and to assume to himself the privileges and authority appertaining thereto."

The motion is granted; and the judgment heretofore rendered by this court will be set aside, the judgment of the trial court reversed, and the cause remanded for a new trial.