## PAYNE, Agent, v. MALONE. (No. 9737.)

(Court of Civil Appeals of Texas. Fort Worth.
Feb. 18, 1922.)

1. Evidence ⟷208(6)—Answer containing no general denial admissible in proof of facts therein admitted against interest.

Where defendant's superseded answer did not have a general denial, it was admissible in proof of the facts therein admitted against interest.

2. Evidence ⟷265(8)—Pleadings admitted in evidence held insufficient to show negligence of railroad in killing stock along right of way.

In an action for killing stock along a right of way, in view of Rev. St. art. 6603, providing that if a railroad company shall fence its road it shall only be liable for injury resulting from a want of ordinary care, and in proof of his cause plaintiff introduced defendant's answer, which admitted running into or over the cattle, but denied negligence in so doing, and also in failing to keep right of way fences in repair, the burden of proof that the cattle were killed and injured from negligence was not discharged.

3. Railroads ⟷412(1)—Peremptory instruction for injury to stock going through opening in fence held error.

In an action for injury to stock run over on defendant's right of way, where the cattle came onto the right of way through an opening in the fence required by Rev. St. art. 6603, and no negligence was shown on the part of defendant in not discovering the opening which was caused by third persons, or in not discovering the cattle before they were hit, a peremptory instruction for plaintiff was error.

Appeal from District Court, Clay County; H. F. Weldon, Judge.

Action by J. M. Malone against John Barton Payne, Agent. From judgment for plaintiff, defendant appeals. Reversed and remanded.

Thompson, Barwise, Wharton & Hiner and Taylor, Allen, Muse & Taylor, all of Fort Worth, for appellant.

Wantand & Dickey, of Henrietta, for appellee.

---

⟷For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

BUCK, J. J. M. Malone recovered in the trial court damages for the killing by the railroad of four four year old steers, valued at $175 each; four three year old steers, valued at $150 each, and injury to three three year old steers, whose market value was alleged and proven to have been depreciated $50 each, thus making a total of $1,450 damages alleged and proven.

Upon the trial, plaintiff introduced a part of defendant's superseded answer as follows:

"The defendant, Walker D. Hines, Director General of the Fort Worth & Denver City Railway Company, shows to the court his cross-action against the Southwestern Telegraph & Telephone Company, a corporation duly incorporated and having an agency in Tarrant county, Tex., and hereinafter called defendants in this cross-action. The said Walker D. Hines, as Director General of the Fort Worth & Denver City Railway Company, shows to the court that the plaintiff's cattle were killed and injured as a direct and proximate result of the unlawful acts and negligence of said Southwestern Telegraph & Telephone Company and the said Humble Oil & Refining Company, in this, and that the said two companies, just prior to the time the plaintiff's cattle were killed, were repairing their telephone lines along the right of way of the Fort Worth & Denver City Railway Company, and while so engaged the said companies through their agents, servants and employees, without the consent of the Forth Worth & Denver City Railway Company director or any of its agents, unlawfully removed some staples from the right of way fence of the said railway company, and negligently failed to repair said fence, but left same in such a condition that the plaintiff's cattle could easily pass over into the right of way of said railway, and as a result of the said wrongful and negligent acts of said two companies the said cattle of the plaintiff did enter the right of way of said railway company where the said fence had been left down with the staples out as aforesaid, and the engineers of said railway company did not know that said fence was left in said condition, and did not know that any cattle were in the right of way, and it being nighttime when said cattle were killed the engineer or engineers operating the engine that killed said cattle could not see said cattle in time to avoid injuring same, and the said engineers or engineer, as the case may be, were not guilty of any negligence in killing of said cattle, but the killing of said cattle was the direct and proximate result of the unlawful and negligent acts of the agents, servants, and employees of the Southwestern Telegraph & Telephone Company and the Humble Oil & Refining Company, as hereinbefore set out.

"Wherefore the said Walker D. Hines, Director General of the Fort Worth & Denver City Railway Company, prays that the said companies above mentioned be cited to answer this cross-action, and if the defendant, Walker D. Hines, Director General of the Fort Worth & Denver City Railway Company, is held liable to the claim for the value of the cattle killed by reason of the right of way not being fenced within the meaning of the statutes of this state, then that he have judgment over and against the said Southwestern Telegraph & Telephone Company and the Humble Oil & Refining Company for such amount as he may be adjudged to pay the claims herein, for costs of suit and general relief."

Plaintiff in his petition had alleged that said cattle were run over and killed by a Fort Worth & Denver City Railway Company's north-bound passenger train. No proof of the manner in which said cattle were killed and injured is contained in the statement of facts, except the portion of defendant's answer copied above. Appellant objects to the admission of this abandoned pleading.

In H. E. & W. Texas Ry. Co. v. De Walt, 96 Tex. 121, 70 S. W. 531, 97 Am. St. Rep. 877, the Supreme Court had under consideration this question, and said:

"A defendant has the right to plead inconsistent defenses, and where in one part of an answer he denies or otherwise puts in issue a fact and in another part alleges its existence, the answer cannot be taken to be an admission of such fact. Duncan v. Magette, 25 Texas, 246. Many other rulings of this court affirming this proposition might be cited. But this is true, not because admissions in pleading are not admissible against the party making them, but because a plea, in one part denying a fact and in another part affirming it, cannot, under our statute, be treated as an admission of the fact. Abandoned pleadings when offered in evidence should doubtless be construed in the same way, and not be admitted as conceding a fact both affirmed and denied. But this rule has nothing to do with the admissibility of pleadings in evidence as tending to show a fact which they distinctly allege. If a fact be admitted in the pleadings on which the case is tried, it is, in general, assumed without other evidence to be conclusively established for the purposes of the trial. Ogden v. Bosse, 86 Texas, 344. The same rule cannot be applied to pleadings superseded by amendment, but it does not follow that distinct admissions in them of particular facts cannot be used as evidence against the party who filed them. The admission of a party thus made is admissible against him under the rule of evidence which allows admissions against interest. Of course they are open to explanation or contradiction like other admissions. It is sometimes the fact that allegations are made by the attorney drawing pleadings upon a misunderstanding of the facts and not by authority of the party, and this of course may be shown. All that appears here as to this is that the superseded answer contained the allegation offered in evidence, and we think that pleadings which have been filed in court in behalf of a party should be, prima facie at least, regarded as authorized by him and admissible against him, where they admit facts relevant to the issue. This court has recently had occasion to review this subject and to point out that the question under consideration was not decided in Coats v. Elliott, 23 Tex. 606, the expressions in which have given rise to most of the difference of opinion that has arisen in this state. First National Bank v. Watson, 95 Tex. 351. The

case of Barrett v. Featherstone, 89 Tex. 567, is one in which the question was fully considered in the majority and dissenting opinions of the Court of Civil Appeals of the Second District, and in which this court held with the majority affirming the admissibility of the evidence. The plea in that case was signed and sworn to by the party himself, and this made it certain that the admission was his own and perhaps added to its weight as evidence, but its admissibility did not depend on those circumstances. The certificate shows only that the fact in question was alleged in the plea offered in evidence, by which we understand that such fact was admitted and not otherwise put in issue. Such being the case the plea was admissible."

[1] This holding has been followed by the Texas courts since Hart-Parr Co. v. Krizan & Maler (Tex. Civ. App.) 212 S. W. 835, 839; Stowers v. H. L. Stevens & Co. (Tex. Civ. App.) 208 S. W. 365, 367; National Bank v. Parrish (Tex. Civ. App.) 207 S. W. 939, 940; Red River, etc., Co. v. Davis (Tex. Civ. App.) 195 S. W. 1161, 1162; Carr v. Grand Lodge (Tex. Civ. App.) 189 S. W. 510, 512; Neville v. Miller (Tex. Civ. App.) 171 S. W. 1109, 1112; Barnes v. Central B. & T. Co. (Tex. Civ. App.) 153 S. W. 1172, 1175. See, also, Boots et al. v. Canine, 94 Ind. 408, 410. So far as the record discloses, it does not appear that defendant's answer, containing the superseded pleading above quoted, had even a general denial, and hence the pleading was admissible in proof of the facts therein admitted against interest, to wit, that the cattle were killed on the railroad right of way by a north-bound passenger train of defendant. Therefore, the holding in some decisions that if an answer contains a general denial the rule that the abandoned pleadings admitting facts against interest is admissible does not apply. Johnson v. Hall (Tex. Civ. App.) 163 S. W. 399, 401; San Antonio Water Supply Co. v. Castle (Tex. Civ. App.) 199 S. W. 300; Peterson v. Graham-Brown Shoe Co. (Tex. Civ. App.) 210 S. W. 737, 738.

[2] But the defendant did not admit in its pleading offered in evidence by plaintiff that the railroad negligently ran into or over the cattle of plaintiff, or that it was negligent in failing to keep the right of way fences in repair, and that thereby the cattle got onto the right of way. It specifically denied negligence in both respects. Hence we conclude that plaintiff did not discharge his burden of proof to show that his cattle were killed and injured through the negligence of defendant. Article 6603 of the Civil Statutes provides that, if a railroad company shall fence its road, it shall only be liable for injury resulting from a want of ordinary care.

[3] It is true that in certain cases, such as Texas Central Ry. Co. v. Pruitt, 101 Tex. 548, 109 S. W. 925, our Supreme Court has held that where a railroad company has fenced its track, and placed gates in the fence for the accommodation of the landowner, it is the duty of the company to maintain the fence and gate in such condition as under ordinary circumstances would effectually turn live stock of ordinary disposition and docility, and that it was not relieved from liability for the killing of animals which strayed onto the right of way by mere proof of the exercise of ordinary care in maintaining the fence; but the duty to maintain the fences in repair so as to turn cattle of ordinary disposition and docility we do not believe is absolute. In G., H. & S. A. Ry. Co. v. Walter (Tex. Civ. App.) 25 S. W. 163, it is said:

"The special charge asked by appellant was as follows: 'The evidence in this cause shows that the mules were killed on defendant's right of way where the same was fenced, and there is no evidence that the killing resulted from want of ordinary care, and you cannot find for plaintiff unless you should find from the evidence that there was a break in the right of way through which the mules entered the right of way, and that defendant did not cause the break, and that defendant had notice of the break in the fence, then you may find for plaintiff the value of the mules as shown by the evidence.' This charge was improper, because it relieves the appellant of the duty to exercise reasonable care in discovering defects in its fence along its right of way."

Fort Worth & R. G. Ry. Co. v. Hickox (Tex. Civ. App.) 103 S. W. 202, and Railway Co. v. Dixon, 49 Tex. Civ. App. 506, 109 S. W. 978, and Railway Co. v. Lovell (Tex. Civ. App.) 179 S. W. 1111, seem to recognize that the duty of a railroad to keep its right of way fences in repair is not an absolute duty. We think that, if the defect in the fence was caused by an act of God, such as a storm, or by some third person, without the knowledge or fault of the railroad, and that no negligence was shown on the part of the railway company in not discovering said defect before the cattle got onto the right of way and were killed, and no negligence was shown on the part of the agent of the railway company in not discovering said cattle before they were hit, the company would not be liable. If this conclusion be sound, then under the facts stated in this record the peremptory instruction was error. Moreover, no witness excepting the plaintiff testified to the value of the steers killed and injured. A jury has the right to disregard testimony coming from an interested source. Railway Co. v. Runnels, 92 Tex. 307, 47 S. W. 971; West Lumber Co. v. Goodrich (Tex. Com. App.) 223 S. W. 183, 192.

We conclude that the court erred in giving the peremptory instruction for plaintiff. The judgment below is reversed, and the cause remanded.