## TARLTON v. TREZEVANT & COCHRAN.

### No. 13229.

Court of Civil Appeals of Texas. Dallas.

July 17, 1942.

Rehearing Denied Oct. 30, 1942.

J. A. Templeton and B. Y. Cummings, both of Fort Worth, and W. M. Pierson, of Dallas, for appellant.

Touchstone, Wight, Gormley & Touchstone, of Dallas, for appellee.

BOND, Chief Justice.

This suit was instituted by J. O. Smith and F. D. Cochran, under the trade name of Trezevant & Cochran as plaintiff, against John Tarlton and one R. D. Cummings, defendants, to recover upon a bond alleged to have been executed by Cummings as principal and Tarlton as surety. The amount of the bond was $1,500, conditioned to guarantee the payment of such sums of money, within the amount of the bond, as might become due and owing to plaintiff by the said R. D. Cummings, as its local insurance agent in the City of Fort Worth, Texas. No defense was interposed on behalf of Cummings; he was indebted to plaintiff in an amount in excess of the amount of the bond. Appellant Tarlton filed answer to the effect that he signed the bond as a surety, with the distinct agreement and understanding with Cummings, the principal on the bond, with notice to the obligee, that two other sureties would also sign the bond before delivery; that the conditions under which he signed the bond were never performed; no other sureties signed the bond, and it was never delivered, hence never became a legal obligation.

A trial was had to a jury; the jury found: (1) That, at the time Tarlton signed the bond, there was no agreement between him and Cummings that same was not to become binding on Tarlton until signed by two other sureties; (2) that the bond was delivered; and (3) that Trezevant & Cochran, or its agent Barrett, had no notice of any understanding or agreement between Cummings and Tarlton, if any was made, that Tarlton would not become bound by the bond until the same was signed by two other sureties. On the verdict, the court entered judgment on the bond against the principal and surety; Tarlton alone appealed.

█ The evidence adduced on trial and brought forward in the statement of facts is sufficient to sustain the findings of the jury; no question being raised other than that, perhaps, the verdict on the first question finds no support in the evidence. As to that question, it could well be determined here without disturbing the judgment—that there was an agreement between Cummings and Tarlton, made at the time Tarlton signed the bond, that it was not to become binding until two other sureties had signed it. Cummings and Tarlton testified that they were the only ones present when the

bond was executed, that such an agreement was entered into, and that no agent of appellee was present; hence their testimony could hardly be contradicted by plaintiff. Be that as it may, juries have some latitude, independent of direct contradiction, in giving credence and weight to testimony of biased and interested witnesses, where there is some disclosure in the record that their testimony is unworthy of full faith and credit. While Tarlton and Cummings testified that they were the only ones present when the bond was executed, yet their testimony was flatly contradicted by the notary public, an employe of Cummings, who testified that she was present; her testimony further challenged that of both Tarlton and Cummings as to when and where the bond was signed, who was present when it was acknowledged, and the circumstances surrounding the manual delivery of the bond to Mr. Barrett, agent for Trezevant & Cochran. Mr. Barrett's testimony also contradicted Cummings' as to the delivery of the bond, giving rise to the favorable answers of the jury as to the second and third issues submitted, that the bond was unconditionally delivered, without notice of any understanding and agreement, if any was made, between the signers thereto. We think, in the light of the record, the jury was authorized and that it was their duty, if they did not believe the only testimony and evidence given directly on the issue, to give it the negative answer. However, if it can be said that the jury was not warranted under the testimony to find there was no such understanding and agreement between Cummings and Tarlton; or had they, in fact, found there was such an agreement, in the absence of notice of such understanding and agreement to the obligee in the bond, such agreement would not be a controlling issue in this case. The jury having found that the bond was unconditionally delivered, without notice of any infirmity, as alleged by defendants, such an undisclosed agreement would not be binding on the obligee of the bond.

█ The authorities are uniform in holding that a party signing a bond as surety, on the condition that another is also to sign it,—knowledge by the obligee of the condition must be shown, where the bond has been delivered and accepted by the party to whom the obligation is made. This rule is pronounced on the principle of estoppel. Bopp v. Hansford, 18 Tex.Civ.

App. 340, 45 S.W. 744, writ refused; Mc-Farlane v. Howell, 16 Tex.Civ.App. 246, 43 S.W. 315; Chamberlain & Gillette v. Hodgetts, Tex.Civ.App., 99 S.W. 161, 162; French, Finch & Co. v. Hicks, 52 Tex.Civ. App. 427, 114 S.W. 691; Rushing v. Citizens' Nat. Bank of Plainview, Tex.Civ. App., 160 S.W. 337; Seaton v. McReynolds, Tex.Civ.App., 72 S.W. 874; Forrest v. White Sewing Mach. Co., Tex.Civ.App., 67 S.W. 340; First Nat. Bank v. Burns, Tex.Civ.App., 126 S.W. 34; Hess v. Schaffner, Tex.Civ.App., 139 S.W. 1024; Gulf Live Stock Ins. Co. v. Love, Tex.Civ.App., 181 S.W. 766; 39 T.J. 910, Sec. 14; Wharton v. Fidelity Mut. Life Ins. Co., Tex.Civ. App., 156 S.W. 539.

In Bopp v. Hansford, supra, writ of error denied by the Supreme Court, the Court said [18 Tex.Civ.App. 340, 45 S.W. 748]: "The rule applicable to sureties on official bonds is stated by Mr. Murfree in his work on Official Bonds thus: 'It is well-settled law that a bond which is a complete and perfect instrument upon its face at the time of its delivery by the principal obligor to the obligee is binding upon all who have signed it, although one or more of the sureties may have executed and delivered it to the principal obligor, upon condition that, before it should be delivered to the obligee, another person or other persons were to sign it. It is valid although it shall not be signed by those other persons, unless, indeed, the obligee, before he received it, was aware of the condition upon which it was signed. When one of two innocent persons must suffer a loss by reason of the act of a third person, that loss must fall upon the one who enabled that third person to cause it. And sureties who intrust their principal with a bond signed by them for delivery to the obligee make him their agent, and are responsible for his acts. In such case the sureties are liable, although their principal disregards their conditions and instructions, unless, indeed, the obligee is guilty either of fraud or rashness in accepting such a bond.' "

▮ It will be observed that the three issues submitted to the jury were not challenged or excepted to, either in substance or form; nor were there any others suggested by either party; therefore, we must conclude that all controversial issues of fact were correctly submitted to the jury, and the judgment of the trial court forecloses all other issues that should have been submitted. Appellant assigned error, without excepting to the charge, that the court erred in submitting Special Issue No. 2, limiting the delivery of the bond by Cummings to Barrett; and submitting Special Issue No. 3, limiting the jury to a negative answer to Special Issue No. 1; and limiting both questions to delivery and notice at and subsequent to the signing of the bond. It is the contention of appellant that since the jury found there was no such agreement between R. D. Cummings and John Tarlton, as described in said Issue No. 1, the finding of the jury in response to Special Issue No. 3 has no support in the evidence; and that Special Issue No. 2, limiting the findings of the jury as to delivery of the bond, without submitting therewith the alleged precedent conditions and limitations as to other sureties signing the bond before delivery, finds no support in evidence. The assignments are without merit. The delivery of the bond with all its conditions, contractual or otherwise, and notice to the obligee of all its infirmities voiding liability, were defensive issues, devolving upon the defendant to have same correctly submitted, or, in due time, complain of the manner in which the defensive matters were submitted. It is true, defendants' testimony is to the effect that the agreement in question was made prior to the execution of the bond, and that the plaintiff initiated the conditions precedent before delivery; but plaintiff's testimony is to the effect that no such agreement was known to them or to their agent Barrett; and that the bond was delivered without limitations or condition. If the issues submitted did not convey the defense as contended by appellant, in the absence of exceptions and requested correct issues by the defendant, we must assume the trial court found all unsubmitted issues in favor of the judgment.

We have considered all assignments; they are overruled, and the judgment affirmed.