## HALL v. WILSON.
### No. 6381.

Court of Civil Appeals of Texas. Texarkana.

Sept. 30, 1948.

Rehearing Denied Oct. 28, 1948.

S. I. Cornett, of Linden, for appellant.

W. Clyde Hull, of Pittsburg, and Barnet B. Skelton, of Houston, for appellee.

WILLIAMS, Justice.

In this trespass to try title action by appellee, Gilbert C. Wilson, against Ben Starrett and B. D. Riddle for the title and possession of a 48 acre tract of land, B. L. Hall intervened asserting title to 1¼ acres, in a rectangular shape, a part of the larger tract. B. L. Hall alone appeals from the judgment which decreed title and possession of the 48 acres into appellee.

In 1916, C. A. Pratt acquired by deed from I. D. Parris title to the 48 acres. In November, 1917, Pratt conveyed the tract along with adjacent lands then owned by him to M. B. Jones, for which the latter executed vendor's lien notes · payable to Pratt as part of the purchase price. In 1918, Jones conveyed the several tracts he had acquired from Pratt to Eugene Hall, a brother of appellant. Eugene Hall who assumed payment of above notes, later secured from the Federal Land Bank of Houston, assignee of the notes, an extension of their maturity evidenced by the deed of trust and notes he and his wife executed in 1922 to the Land Bank. The bank in 1945 purchased the several tracts at the foreclosure of the deed of trust, and in 1946 conveyed same to appellee. The evidence supports the court's findings that all legal requirements were complied with in the foreclosure of the deed of trust and that appellee had shown by competent evidence a regular record legal chain of title out of C. A. Pratt, the common source of title, into appellee, and he was entitled to recover the title and possession of the 48 acres as against Starrett and Riddle, tenants of Eugene Hall and against appellant B. L. Hall for the 1¼ acres situated within the 48 acre tract.

Appellant pleaded and introduced evidence in support of his asserted title to the 1¼ acres, "that during the year 1914, he under a parol agreement, purchased the 1-¼ acres from C. A. Pratt, who represented to him (appellant) that he (Pratt) was the rightful owner of same; that upon delivery to Pratt of 20,000 shingles, the agreed consideration, the latter marked off

the corners and delivered him (appellant) possession of same"; and that "immediately following delivery of possession he in good faith and in reliance on above purchase agreement made permanent and valuable improvements on the 1-¼ acres, same being completed in early 1915." The record legal title at the time the alleged oral agreement was had and the improvements were made rested in one Lawhorn and had for years. Pratt who is not a party to this suit and who never executed a deed pursuant to the alleged agreement did not acquire title until his purchase in 1916.

It is readily apparent from the above details that appellee was here seeking to enforce an equitable title against the present holder of the legal title.

"It is thoroughly settled that one who claims a superior equitable title to the land as against one who has purchased from the holder of the legal title must show that such purchaser did not purchase for value or purchased with notice of the outstanding equity." White v. Hix, Tex.Civ.App., 104 S.W.2d 136, 139. Appellee failed to show that the Land Bank had any actual or constructive notice of the alleged claim of B. L. Hall prior to or at the time it extended to Eugene Hall, the brother, the record owner, who with his wife executed the deed of trust with warranty of title to secure the $10,000 then advanced by the bank. And in this respect as found by the trial court the claim that his equitable title was superior to the legal title acquired by the bank was without merit.

Appellee who purchased the properties for $12,400 from the Land Bank, the mortgagee, in good faith, succeeded to all the rights of the latter. Commonwealth Bldg. & Loan Ass'n v. Howard, Tex.Civ. App., 61 S.W.2d 546, affirmed 94 S.W.2d 144; Texas Loan Agency v. Taylor, 88 Tex. 47, 29 S.W. 1057, 1058; 43 Tex.Jur. Sec. 364, p. 618.

Appellant further urged the provisions of Art. 5510, R.C.S. of Texas, the ten years' limitation statute, in support of his asserted title to the 1¼ acres. According to the testimony of appellant, he completed the improvements in 1915, occupying the premises through 1917, and then moved to near Linden, in Cass County, where he has since resided, a period of thirty years. He claims to have rented out the place in 1918, collecting the rent for that year. Since then according to his testimony and that of his brother, the place was turned over to the brother who since 1918 has had charge of the place, renting and collecting the rents under an agreement, the details of which were not disclosed. No accounting of rents or expenses was ever had between them. Between 1918 and the date this suit was filed, Eugene Hall executed the deed of trust to the Land Bank and executed several oil and gas leases covering this land. Appellant never rented the place after 1918, never collected any rents, never rendered the land for taxes and never paid any. This evidence presented a fact issue whether appellant held adverse possession for only four years or for a period of less than a ten years' period of time, or whether Eugene Hall who acquired the record legal title in 1918, held possession under his title after that date. This evidence does not warrant this court to disturb the trial court's findings which denied above limitation plea. Wininger v. Ft. Worth Ry. Co., 105 Tex. 56, 143 S.W. 1150; McCarty v. Hogan, Tex.Civ.App., 121 S.W.2d 499, 502; 17 Tex.Jur., p. 909, Sec. 410; Tarlton v. Trezevant & Cochran, Tex.Civ.App., 165 S.W.2d 514.

Under an alternative count in his pleadings, appellant sought to recover the value of the improvements allegedly made by him in good faith in 1914-1915, pursuant to the oral purchase agreement. Appellant testified he did not obtain a deed from any one to the land in controversy; that he relied upon the representation of Pratt that the latter had title; and that he did not examine the deed records of Morris County or make any investigation of the title for he relied upon Pratt's representations at the time. At the time the improvements were made in 1914-1915, the deed records of Morris County would have disclosed that the legal title then rested in one Parris and had so rested in Parris since 1911, and not in Pratt. In 23 Tex. Jur., Sec. 17, p. 393. it is stated, applicable under above facts, that, "A person contemplating the improvements of land is under

a duty to investigate the records before he commences work, because there may be information available therein which would prevent him from being regarded as a possessor in good faith. Thus a duly recorded deed containing a sufficient description of the land in question and vesting title in another would be sufficient to impart notice of an outstanding claim." The above evidence as to the claim for improvements in good faith so asserted by appellant affords support in the findings of the court, the trier of the facts, which denied this claim. Wininger v. Ft. Worth Ry. Co., supra; West v. Peters, Tex.Civ.App., 287 S.W. 81; Parrish v. Jackson, 69 Tex. 614, 7 S.W. 486; Daugherty v. Yates, 13 Tex.Civ.App. 646, 35 S.W. 937.

The other points presented have received careful consideration and are respectfully overruled.

The judgment is affirmed.